**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| LEO SYNORACKI, on behalf of himself and all others similarly situated, | **CASE NO.** |
| Plaintiffs, | **CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE UNIFORMED SERVICES EMPLOYMENT AND REEMPLOYMENT RIGHTS ACT, 38 U.S.C. § 4301 ET SEQ. – CLASS ACTION** |
| vs. | |
| ALASKA AIRLINES, INC., an Alaska corporation, ALASKA AIR GROUP, INC., a Delaware corporation, and DOES 1-10 | **JURY TRIAL DEMANDED** |
| Defendants. | |

**CLASS ACTION COMPLAINT**

Plaintiff Leo Synoracki ("Plaintiff"), on behalf of himself and the class of all other similarly situated persons, complaints and alleges upon information and believe, based among other things, upon the investigation made by Plaintiff, alleges as follows:

**I.      NATURE OF THE ACTION**

1.      This is a civil class action brought pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994,, 38 U.S.C. § 4301 *et seq*. ("USERRA"). It is brought by Plaintiff on behalf of a nationwide Class of all persons similarly situated, including current and former employees of Alaska Airlines, Inc. ("AAL") and Alaska Air Group, Inc. ("AAG") (both of which are collectively referred to herein as the "Company"), who were or are currently serving in the United States Armed Services or National Guard.

/ / /

## II.    PARTIES

2.      Plaintiff is a citizen of the United States and a resident of the State of Washington.

3.      Plaintiff has been employed by the Company since January 31, 2000 and is based in Seattle, Washington.

4.      At all times relevant, Plaintiff was an officer in the Reserve Component of the United States Air Force ("USAFR") until he retired from the USAFR as a Lieutenant Colonel on April 1, 2017.

5.      During the relevant times referenced herein, Plaintiff was a qualified employee and member of the uniformed services as defined by 38 U.S.C. §4303(3) and (16).

6.      Defendant AAL is a corporation organized under the laws of the State of Alaska with its principal place of business in the State of Washington. At all relevant times, AAL was and is an employer as defined by 38 U.S.C. § 4303(4)(A).

7.      Defendant AAG is a corporation organized and existing under the laws of the State of Delaware, maintaining its principal place of business in the State of Washington. AAG is a holding company and the parent company of AAL.

8.      Whenever and wherever reference is made to individuals who are not named as defendants in this action, but were employees/agents of defendants, or any of them herein, such individuals at all times acted on behalf of defendants named in this action within the scope of their respective employments and agencies.

9.      Whenever and wherever reference is made in this Complaint to any conduct of defendants, or any of them, such allegations or references shall also be deemed to mean the conduct of each defendant, acting individually, jointly and severally.

10.     At all times relevant to this Complaint, defendants were the agents and employees of their codefendants, and in doing the things alleged in this Complaint were acting within the course and scope of that agency and employment.

11.     Plaintiff does not seek any relief greater than or different from the relief sought for the

1  Classes of which Plaintiff is a member. This action, if successful, will enforce an important right

2  affecting the public interest and would confer a significant benefit, whether pecuniary or non-

3  pecuniary, on a large class of persons. Private enforcement is necessary and individual prosecution

4  places a disproportionate financial burden on Plaintiff in relation to Plaintiff's stake in the matter.

5  **III.    JURISDICTION AND VENUE**

6       12.     The jurisdiction of this court is founded on federal question jurisdiction, 28 U.S.C.

7  §1331, as conferred by 38 U.S.C. §4323(b)(3).

8       13.     Venue is proper because the Company maintains its corporate headquarters in this

9  district, as provided in 38 U.S.C. §4323(c)(2) and 28 U.S.C. §1391(b).

10      14.     Pursuant to 38 U.S.C. § 4323(h), "No fees or court costs may be charged or taxed

11  against any person claiming rights under [USERRA]".

12  **IV.    GENERAL ALLEGATIONS**

13      15.     USERRA prohibits "discrimination against persons because of their service in the

14  uniformed services." 38 U.S.C. §4301(a)(3).

15      16.     Section 4311 of USERRA protects persons who serve or have served in the uniformed

16  services from acts of discrimination and reprisal; for example, a person "who is a member of, . . .

17  performs, has performed, . . . or has an obligation to perform service in a uniformed service shall not

18  be denied initial employment, reemployment, retention in employment, promotion, or any benefit of

19  employment by an employer on the basis of that membership, . . . performance of service, . . . or

20  obligation."

21      17.     Section 4316(a) of USERRA provides:

22           A person who is reemployed under this chapter is entitled to the
             seniority and other rights and benefits determined by seniority that the
23           person had on the date of the commencement of service in the uniformed
             services plus the additional seniority and rights and benefits that such
24           person would have attained if the person had remained continuously
             employed.
25

26  38 U.S.C. § 4316(a).

18.     If benefits to which an employee is eligible are seniority-based benefits, the benefits accrue as though the employee was continuously employed, regardless of the length of military leave. 20 C.F.R. § 1002.210.

19.     Under Section 4316(b)(1)(B) of USERRA, employees on military leave are entitled to the same non-seniority-based benefits provided to other employees on similarly-situated, non-military related leaves of absence.

20.     If benefits to which an employee is eligible are non-seniority-based benefits, the employee must be given the most favorable treatment accorded to any comparable form of leave when he or she performs service in the uniformed services.  20 C.F.R. § 1002.150(b).

21.     "Benefit" is defined as:

> The term 'benefit', 'benefit of employment', or 'rights and benefits' means the terms, conditions, or privileges of employment, including any advantage, profit, privilege, gain, status, account, or interest (including wages or salary for work performed) that accrues by reason of an employment contract or agreement or an employer policy, plan, or practice and includes rights and benefits under a pension plan, a health plan, an employee stock ownership plan, insurance coverage and awards, bonuses, severance pay, supplemental unemployment benefits, vacations, and the opportunity to select work hours or location of employment."

38 U.S.C. §4303(2).

22.     Section 4311(c) provides:

> An employer shall be considered to have engaged in actions prohibited:

> (1) under subsection (a), if the person's membership, application for membership, service, application for service, or obligation for service in the uniformed services is a motivating factor in the employer's action, unless the employer can prove that the action would have been taken in the absence of such membership, application for membership, service, application for service, or obligation for service.

38 U.S.C. §4311(c).

23.     Section 4312 of USERRA provides:

> [A]ny person whose absence from a position of employment is necessitated by reason of service in the uniformed services shall be entitled to the reemployment rights and benefits and other employment benefits of this chapter…

38 U.S.C. §4312(a).

24.     USERRA expressly supersedes any state or local law, agreement, and/or employer policy. 38 U.S.C. § 4302(b); 20 C.F.R. § 1002.7(b).

25.     Plaintiff believes and alleges the Company employs approximately 3,000 pilots, and approximately 1,000 pilots are or were members of the United States Armed Services or National Guard.

26.     Company pilots are subject to collective bargaining agreements ("CBAs"), but this lawsuit does not require interpretation of any terms contained in these CBAs. Rather the plain language of the Company's policies and procedures at issue violates USERRA.

27.     From his initial hiring with the Company on January 31, 2000, until his retirement from the USAFR on April 1, 2017, Plaintiff performed various periods of military service obligations that required him to take military leave from AAL.

***Sick Time Accrual***

28.     One of the benefits of employment available to Company pilots, including Plaintiff, is the accrual of sick time at a rate of five and one half (5 ½)) hours for each monthly bid period,  as long as that pilot receives compensation from the Company for six (6) or more hours of work performed during the monthly bid period.

29.     The Company allows military pilots to receive sick leave accrual in each monthly bid period they perform any work for compensation with the Company without regard to the six (6) hour threshold.

30.     Plaintiff and the Sick Time Class do not and have not accrued sick time during periods of military leave when those leave periods have cause absences for full monthly bid periods.

31.     The Company has repeatedly and intentionally failed to allow pilots who are on military

1  leave to accrue sick time thereby denying members of the Class a benefit of employment.

2      32.    The Company's failure to allow its pilots to accrue sick time during their military leave

3  periods violates Section 4316(a) of USERRA.

4      33.    Alternatively, the Company's failure to allow its pilots to accrue sick time during

5  military leave periods while allowing other pilots on similar, non-military leave to accrue sick time

6  violates Section 4316(b)(1)(B) of USERRA.

7  *Vacation Accrual*

8      34.    Company pilots earn between fifteen (15) and forty-one (41) days of vacation time

9  based on their years of completed service with the Company.

10     35.    Company pilots receive vacation accrual for each monthly bid period, as long as a pilot

11 receives at least thirty-seven hours and thirty minutes (37:30) of compensation alone or in conjunction

12 with other benefits during the month.

13     36.    Plaintiff and the Vacation Class do not and have not accrued vacation time during

14 periods of military leave that caused absences that result in the pilots receiving less than thirty-seven

15 hours and thirty minutes (37:30) of compensation during a monthly bid period.

16     37.    The Company has repeatedly and intentionally failed to allow pilots who are on military

17 leave to accrue vacation time when that leave causes them to receive less than thirty-seven hours and

18 thirty minutes (37:30) of compensation during a monthly bid period, thereby denying members of the

19 Class a benefit of employment.

20     38.    The Company's failure to allow its pilots to accrue vacation time during all periods of

21 military leave periods violates Section 4316(a) of USERRA.

22     39.    Alternatively, the Company's failure to allow its pilots to accrue vacation time during

23 their military leave periods while allowing pilots on similar, non-military leave to accrue vacation time

24 violates Section 4316(b)(1)(B) of USERRA.

25 / / /

26 / / /

## V.    CLASS ACTION ALLEGATIONS

40.    Plaintiff brings this action on behalf of himself and all others similarly situated, as a class action pursuant to Rule 23(a) and 23(b)(1), 23(b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure. The nationwide classes which Plaintiff seeks to represent are pilots who are or were members of the United States Armed Services or National Guard and who have taken military leave while being employed by the Company.  Each class is composed of and defined as follows:

> **Sick Time Class**:  All past and present pilots employed by the Company from January 31, 2000 to the present who did not accrue sick time while on periods of military leave.

> **Vacation Class**:  All past and present pilots employed by the Company from January 31, 2000 to the present who did not accrue vacation time while on periods of military leave.

41.    Plaintiff is a member of each Class he seeks to represent.

42.    The members of each Class are sufficiently numerous such that joinder of all members is impracticable. Based on its website in 2018, the Company employs nearly 3,000 pilots. Based on the number of airline pilots who are actively flying in the National Guard or Reserves, Plaintiff is informed and believes that the Sick Time Class exceeds 600 present and former Company pilots. The exact size of the Class is ascertainable through Company's records, including but not limited to Company's employment records.

43.    Plaintiff is informed and believes that the Vacation Class exceeds 800 present and former Company pilots. The exact size of the Class is ascertainable through Company's records, including but not limited to Company's employment records.

44.    As Company does business throughout the nation with hubs and flight destinations in states across the country, the members of the Class are likely geographically dispersed throughout the United States.

45.    There are questions of law and fact common to the Classes, and these questions predominate over individual questions. Such questions include, without limitation:

> A. whether the Company's failure to provide sick time accrual to pilots on military leave violates USERRA;

B.  whether the Company's failure to provide vacation accrual to pilots on military leave violates USERRA;

C.  whether the Company's acts and practices have violated USERRA by discriminating against its pilots who are members of the Armed Forces and have taken military leave;

D.  whether Plaintiff and the Classes are entitled to compensatory and/or liquidated damages, and;

E.  whether injunctive and other equitable remedies for the Classes are warranted.

46.  The named Plaintiff will fairly and adequately represent and protect the interests of the Classes and has no conflict of interests with the Classes.

47.  Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action. Plaintiff retained adequate counsel who has substantial experience and success in the prosecution of class actions and complex business litigation matters.

48.  Class certification is appropriate pursuant to Fed. R. Civ. Proc. Rule 23(b)(2) because the Company has acted on grounds generally applicable to the Classes, making appropriate declaratory and injunctive relief to Plaintiff and the Classes as a whole. The Class members are entitled to injunctive relief to end the Company's practices that have caused military affiliated pilots to be excluded from certain benefits and to be treated differently than pilots who have taken comparable types of leave and/or pilots without military affiliations.

## VI.   CLAIMS ALLEGED
### COUNT I
**(Sick Time Accrual) Violation of 38 U.S.C. § 4301, *et seq*.**

49.  Plaintiff hereby alleges and incorporates all paragraphs 1-48 above by reference herein.

50.  Plaintiff's protected status as a United States Air Force Reservist was a motivating factor in Company's denial of benefits, conditions and privileges of Plaintiff's employment without good cause.

51.  One of the benefits of employment available to the Plaintiff and all of Defendants'

1  pilots is the accrual of sick time at a rate of five and one half (5 1/2) hours per monthly bid period.

2  52.  Plaintiff and the Class have not accrued sick time during periods of military leave when

3  that military leave caused an absence for a full monthly bid period.

4  53.  The Company's failure to allow its pilots to accrue sick time during all periods of

5  military leave violates USERRA.

6  54.  Alternatively, employees who have been absent due to military leave are entitled to

7  additional sick time accrual because non-military pilots accrue sick leave during longer periods of

8  other types of non-military leave.

9  55.  Plaintiff and the Class's military service obligations were a motivating factor in the

10  Company's discriminatory actions.

11  56.  The Company knowingly and willfully violated USERRA, among other ways, by

12  discriminating against Plaintiff and the Class members, and by denying them employment benefits

13  "on the basis of" their "obligation to perform service in a uniformed service."

14  57.  As a direct and proximate result of the conduct of the Company, as set forth in this

15  count, Plaintiff and the Class have suffered injuries and damages including but not limited to loss of

16  past and future benefits, all to his damage in an amount to be proven at trial.

17  58.  Plaintiff alleges such violations of USERRA were willful and requests liquidated

18  damages to the Class in an additional amount equal to the present value of their lost sick time benefits

19  pursuant to Section 4323(d)(1)(C).

20  ### COUNT II
**(Vacation Time Accrual) Violations of 38 U.S.C. §4301, *et seq*.**

21  59.  Plaintiff hereby alleges and incorporates all paragraphs 1-58 above by reference herein.

22  60.  Company pilots earn vacation time based on their years of completed service with the

23  Company.

24  61.  Plaintiff and the Class do not and have not accrued vacation time during periods of

25  military leave that caused absences which result in receiving less than thirty-seven hours and thirty

26  minutes (37:30) of compensation during a monthly bid period.

62.     The Company repeatedly and intentionally failed to allow pilots who are on military leave which caused them to receive less than thirty-seven hours and thirty minutes (37:30) of compensation during a calendar or bid month to accrue vacation time thereby denying members of the Class a benefit of employment.

63.     Alternatively, the Company's failure to allow its pilots to accrue vacation time during their military leave periods while allowing pilots on comparable, non-military leave to accrue vacation time violates USERRA.

64.     Plaintiff's and the Class's military service obligations were a motivating factor in Company's discriminatory actions.

65.     Company knowingly and willfully violated USERRA, among other ways, by discriminating against Plaintiff and the Class members, and by denying them employment benefits "on the basis of" their "obligation to perform service in a uniformed service."

66.     As a direct and proximate result of the conduct of the Company as set forth in this count, Plaintiff and the Class have suffered injuries and damages including but not limited to loss of past and future benefits, with damages in an amount to be proven at trial.

67.     Plaintiff alleges such violations of USERRA were willful and requests liquidated damages to the Class in an additional amount equal to the present value of their lost vacation time benefits pursuant to Section 4323(d)(1)(C).

## JURY DEMAND

68.     Pursuant to Federal Rule of Civil Procedure 38 or any similar rule or law, Plaintiff demands a trial by jury for all causes of action and issues for which trial by jury is available.

## PRAYER FOR RELIEF

WHEREFORE, based on the foregoing, Plaintiff prays for relief against Defendants, and each of them, as follows:

1.     Determine that this action may proceed and be maintained as a class action, designating Plaintiff as Lead Plaintiff, and certifying Plaintiff as the Class representative

1 | under Rule 23 of the Federal Rules of Civil Procedure and their counsel of record as Class

2 | Counsel;

3 |     2.     Declare that the acts and practices complained of herein are unlawful and

4 | are in violation of USERRA;

5 |     3.     Require that the Company fully comply with the provisions of USERRA by

6 | providing Plaintiff and Class Members all employment benefits denied them as a result of

7 | the Company's unlawful acts and practices described herein;

8 |     4.     Enjoin the Company from taking any action against Plaintiff and members

9 | of the Classes that fail to comply with the provisions of USERRA;

10 |     5.     Award fees and expenses, including attorneys' fees pursuant to 38 U.S.C.

11 | §4323(h);

12 |     6.     Award Plaintiff and the Class prejudgment interest on the amount of lost

13 | wages or employment benefits due;

14 |     7.     Order that the Company pay compensatory and/or liquidated damages in an

15 | amount equal to the amount of lost compensation and other benefits suffered due to their

16 | willful violations of USERRA;

17 |     8.     Grant an award for costs of suit incurred; and

18 |     9.     Grant such other and further relief as may be just and proper and which

19 | Plaintiff and the Class may be entitled to under all applicable laws.

20 |                               DATED December 12, 2018

21 |

22 |                              */s/Daniel Kalish*_____<br>                             Daniel Kalish, WSBA 35815_____

23 |

24 |

25 |

26 |

| | |
|---|---|
| 1 | Donald W. Heyrich, WSBA 23091 |
| | **HKM EMPLOYMENT ATTORNEYS LLP** |
| 2 | 600 Stewart Street, Suite 901 |
| | Seattle, WA  98101 |
| 3 | Telephone: 206-838-2504 |
| | Email: dkalish@hkm.com |
| 4 | Email: dheyrich@hkm.com |
| 5 | |
| 6 | Brian J. Lawler (*pro hac vice pending*) |
| | **PILOT LAW, P.C.** |
| 7 | 850 Beech Street, Suite 713 |
| | San Diego, CA 92101 |
| 8 | Tel: 619-255-2398 |
| | Email: blawler@pilotlawcorp.com |
| 9 | |
| | Gene J. Stonebarger (*pro hac vice pending*) |
| 10 | Crystal L. Matter (*pro hac vice pending*) |
| | **STONEBARGER LAW, APC** |
| 11 | 75 Iron Point Circle, Suite 145 |
| | Folsom, CA 95630 |
| 12 | Tel: 916-235-7140 |
| | Email: gstonebarger@stonebargerlaw.com |
| 13 | Email: cmatter@stonebargerlaw.com |
| 14 | Charles M. Billy (*pro hac vice pending*) |
| | **LAW OFFICE OF CHARLES M. BILLY, APC** |
| 15 | 22706 Aspan Street, Suite 305 |
| | Lake Forest, CA 92630 |
| 16 | Telephone: 949-357-9636 |
| | Email: cbilly@cmblawcorp.com |
| 17 | |
| 18 | ***Counsel for Plaintiff*** |
| 19 | ***and the Proposed Putative Classes*** |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |