**UNITED STATES DISTRICT COURT**
WESTERN DISTRICT OF WASHINGTON
UNITED STATES COURTHOUSE
700 STEWART STREET
SEATTLE, WASHINGTON 98101

**ROBERT S. LASNIK**
DISTRICT JUDGE                                                                                          (206) 370-8810

October 30, 2019

| | |
|---|---|
| Daniel Kalish | Mark W. Robertson |
| HKM Employment Attorneys LLP | O'Melveny & Myers LLP (NY) |
| 600 Stewart Street, Suite 901 | Times Square Tower |
| Seattle, WA 98101 | 7 Times Square |
| | New York, NY 10036 |

**Delivered Via CM/ECF**

RE:  Synoracki v. Alaska Airlines, Inc., *et al.*, C18-1784RSL
     Stipulated Protective Order

Dear Counsel:

On October 22, 2019, the Court received your proposed "Stipulated Protective Order." Dkt. # 32.

Pursuant to Fed. R. Civ. P. 26(c), protective orders may be entered to protect parties from annoyance, embarrassment, or undue burden or to protect confidential commercial information. Such protective orders may issue upon a showing of good cause.

Although parties may agree on confidentiality among themselves, when they request that the Court be involved, the proposed order must be narrowly drawn, identifying both the type of information that is to be protected and, if not obvious, the reason such protection is warranted. The order must also comply with the applicable federal and local procedural rules.

The agreed protective order submitted in this case is deficient because it is too broad and gives too much discretion to the parties to designate information as "confidential." The order mentions types of information that may, in fact, be confidential, such as "trade secrets" and "research, technical, commercial, or financial information." These categories

are exceptionally broad, however, and impose almost no limit on what corporate documents the parties could deem confidential. In addition, the nature of the litigation - a claim of discrimination under the Uniformed Services Employment and Reemployment Rights Act of 1994 - does not make obvious how or why confidential information other than personnel records would be at issue. Absent more information, the Court will not approve the sweeping confidentiality provision drafted by the parties.

The agreed protective order received by the Court will remain lodged in the file, but will not be entered. The parties may resubmit a proposed order if they remedy the deficiency identified in this letter.

Sincerely,

Robert S. Lasnik
United States District Judge