The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LEO SYNORACKI, on behalf of himself and all others similarly situated

                Plaintiff,

    v.

ALASKA AIRLINES, INC., *et al.,*

                Defendants.

No. 2:18-cv-01784-RSL

**STIPULATION AND ORDER REGARDING NOTICE OF PENDENCY OF CLASS ACTION**

WHEREAS, this Court entered an Order certifying the following classes in this action on May 22, 2020:

> **Sick Time Accrual Class**: All past and present pilots employed by Alaska Airlines, Inc. who: (i) did not accrue sick time while on periods of military leave from Alaska Airlines, Inc. from October 10, 2004 to May 22, 2020; and (ii) were not at the maximum sick leave accrual level at the time of military leave(s) or at any time thereafter.
>
> **Vacation Time Accrual Class**: All past and present pilots employed by Alaska Airlines, Inc. who did not accrue vacation time while on periods of military leave from Alaska Airlines, Inc. from October 10, 2004 to May 22, 2020.

WHEREAS, pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), notice of class certification must be provided to members of the Class.

1  WHEREAS, having met and conferred, plaintiff and defendants (the "Parties") have
2  agreed on the Notice Plan and form of Class Notice which consists of direct emailing or
3  mailing of the Notice (attached hereto as Exhibit 'A') to each member of the Class who has
4  been identified through reference to Alaska Airlines, Inc.'s records.

5  WHEREAS, Federal Rule of Civil Procedure 23(c)(2)(B) requires that class notice be
6  "the best notice that is practicable under the circumstances, including individual notice to all
7  members who can be identified through reasonable effort [and] must clearly and concisely state
8  in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class
9  certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an
10 appearance through an attorney if the member so desires; (v) that the court will exclude from
11 the class any member who requests exclusion; (vi) the time and manner for requesting
12 exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)."
13 Fed. Rule Civ. Proc. 23(c)(2)(B).

14 WHEREAS, the Parties have agreed to the following Notice Plan: Notice will be
15 emailed by Class Counsel to each of the Class Members within thirty (30) days of the Court's
16 order approving the Notice Plan. For any Class Member who does not have a valid e-mail
17 address in Alaska Airlines, Inc.'s records, said Class Member will be sent Class Notice by U.S.
18 Mail.

19 WHEREAS, the Parties also hereby stipulate and agree that Class Members will be
20 given no less than forty-five (45) days from the date that initial notices are sent to opt out. For
21 Class Members whose notices are returned and then re-mailed, the Class Members shall be
22 given no less than forty-five (45) days from the date the notices are re-mailed to opt out. A
23 class member may opt out by simply mailing a letter to Class Counsel referencing the lawsuit,
24 stating words to the effect that: "I would like to opt out of the *Leo Synoracki v. Alaska Airlines,*
25 *Inc.* lawsuit," and providing the class member's name, current address and phone number.

26 WHEREAS, the Parties agree that the proposed Notice Plan provides all the material
27 information required by Rule 23(c)(2)(B), and provides that information through "the best

2
STIPULATION AND ORDER REGARDING
NOTICE OF PENDENCY OF CLASS ACTION

notice that is practicable under the circumstances." The Notice also provides a means to contact Class Counsel to receive more detailed information about this lawsuit.

WHEREAS, the Parties respectfully request that the Court approve the Notice Plan and the Notice.

FOR PLAINTIFF:

By: /s/ Gene J. Stonebarger
Gene J. Stonebarger(*admitted Pro Hac Vice*)
gstonebarger@stonebargerlaw.com
Crystal L. Matter (*admitted Pro Hac Vice*)
cmatter@stonebargerlaw.com
STONEBARGER LAW
101 Parkshore Drive
Suite 100
Folsom, California 95630
Phone: 916.235.7140
Fax: 916.235.7141

Daniel Kalish
dkalish@hkm.com
HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Ste 901
Seattle, WA 98101
Phone: 206-838-2504

Brian J. Lawler (*admitted Pro Hac Vice*)
blawler@pilotlawcorp.com
PILOT LAW, P.C.
850 Beech Street, Suite 713
San Diego, California 92101
Phone: 866.512.2465
Fax: 619.231.4984

Charles M. Billy (*admitted Pro Hac Vice*)
cbilly@cmblawcorp.com
The Law Offices of Charles M. Billy, APC
22706 Aspan Street, Ste 305
Lake Forest, CA 92630
Phone: 949-357-9636

*Counsel for Plaintiff
and the Classes*

FOR DEFENDANT:

By: /s/ Mark W. Robertson
Mark W. Robertson (*admitted Pro Hac Vice*)
mrobertson@omm.com
O'Melveny & Myers LLP
7 Times Square
New York, New York 10036
Tel.: (212) 326-2000
Fax: (212) 326-2061

Kathryn S. Rosen, WSBA #29465
katierosen@dwt.com
Davis Wright Tremaine
920 5th Avenue, Ste. 3300
Seattle, Washington 98104-1610
Tel.: (206) 622-3150
Fax: (206) 757-7700

Tristan Morales (*admitted Pro Hac Vice*)
tmorales@omm.com
O'Melveny & Myers LLP
1625 Eye Street, NW
Washington, D.C. 20006
Tel.: (202) 383-5300
Fax: (202) 383-5414

*Counsel for Defendant*

## ORDER

Based on the foregoing stipulation, the Court approves the Notice Plan and content of the Notice, and hereby ORDERS that Notice substantially in the form of Dkt. # 45 at 7 be provided in accordance with the Notice Plan.

Dated this 29th day of July, 2020.

*[signature]*
The Honorable Robert S. Lasnik
United States District Court Judge