1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LEO SYNORACKI, on behalf of himself and
all others similarly situated,

                    Plaintiff,

        v.

ALASKA AIRLINES, INC., *et al.*,

                    Defendants.

Cause No. C18-1784RSL

ORDER GRANTING
DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT

        This matter comes before the Court on "Defendants' Motion for Summary Judgment."

Dkt. # 49. Plaintiff asserts that defendants violated the Uniformed Services Employment and

Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. § 4301, *et. seq*., when they

(1) denied the accrual of sick time during periods of military leave and (2) denied the accrual of

vacation time during the first 90 days of military leave. The Court certified a sub-class for both

the sick time and vacation time claims. Defendants argue that the claims fail as a matter of law.

        Summary judgment is appropriate when, viewing the facts in the light most favorable to

the nonmoving party, there is no genuine issue of material fact that would preclude the entry of

judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial

responsibility of informing the district court of the basis for its motion" (*Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 323 (1986)) and "citing to particular parts of materials in the record" that

show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)). Once the moving

ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 1

party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324. The Court will "view the evidence in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in that party's favor." *Colony Cove Props., LLC v. City of Carson*, 888 F.3d 445, 450 (9th Cir. 2018). Although the Court must reserve for the trier of fact genuine issues regarding credibility, the weight of the evidence, and legitimate inferences, the "mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient" to avoid judgment. *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1049 (9th Cir. 2014); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *S. Cal. Darts Ass'n v. Zaffina*, 762 F.3d 921, 925 (9th Cir. 2014). In other words, summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable fact finder could return a verdict in its favor. *Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1071 (9th Cir. 2019).

Having reviewed the memoranda, declarations, and exhibits submitted by the parties, having heard the arguments of counsel, and taking the evidence in the light most favorable to plaintiff, the Court finds as follows:

### BACKGROUND

Plaintiff and the class he represents are current or former employees of defendant Alaska Airlines, Inc.,[1] who are or were military service members. During the class period, plaintiff was

---

[1] Defendant Alaska Air Group, Inc., is the parent of Alaska Airlines, Inc., and alternatively seeks dismissal of plaintiff's claims on the ground that it is not, and has never been, the employer for purposes of USERRA. Plaintiff has not opposed this request.

ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 2

a member of the Reserve Component of the United States Air Force. In that role, he took

approximately 71 military leaves of absences, some of which lasted months at a time and which

together totaled over 2,500 days.[2] Plaintiff retired from the Reserves as a Lieutenant Colonel on

April 1, 2017.

Since the beginning of the class period on October 10, 2004, employment as a pilot for

Alaska Airlines has been governed by a collective bargaining agreement ("CBA"). The CBA

governs the accrual of sick and vacation hours, but the provisions have changed over time as

discussed below.

---

[2] Plaintiff had twenty service-related absences that exceeded a month:

        a. January 9, 2001 – April 15, 2002 (97 days)
        b. December 4, 2002 – March 4, 2003 (90 days)
        c. July 1, 2005 – 28 May, 2006 (11 months)
        d. October 1, 2006 – November 15, 2006 (46 days)
        e. November 25, 2006 – September 30, 2007 (10 months)
        f. November 1, 2007 – January 26, 2008 (87 days)
        g. March 10, 2008 – September 30, 2008 (204 days)
        h. October 6, 2008 – February 23, 2009 (140 days)
        i. April 1, 2009 – June 30, 2009 (90 days)
        j. September 16 2009 – May 2, 2010 (8 months)
        k. September 1, 2010 – June 30, 2011(10 months)
        l. January 3, 2012 – March 6, 2012 (64 days)
        m. April 1, 2012 – May 31, 2012 (61 days)
        n. December 1, 2012 – February 28, 2013 (90 days)
        o. March 27, 2013 – May 31, 2013 (65 days)
        p. January 16, 2014 – April 15, 2014 (90 days)
        q. October 20, 2014 – January 18, 2015 (91 days)
        r. January 24, 2015 – April 2, 2015 (69 days)
        s. November 1, 2015 – March 10, 2016 (131 days)
        t. October 21, 2016 – February 28, 2017 (131 days)

Dkt. # 56 at ¶ 8.

ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 3

**A. Sick Leave (Section 14 of the CBA)**

Prior to May 2009, Alaska Airlines pilots accrued sick time for each month of their employment, regardless whether they were on a leave of absence (military or otherwise). Since May 2009, however, a pilot accrues sick time "for each Month he receives compensation from Alaska Airlines for six (6) or more hours of work performed." Dkt. # 50-1 at 42. Pilots on military leave accrue sick leave for each month in which they "perform work for Alaska Airlines without regards to the six (6) hour threshold." *Id.*

**B. Vacation (Section 7 of the CBA)**

Throughout the class period, Alaska Airlines pilots have accrued vacation time in any month in which they satisfy a specified work requirement. Prior to May 2005, pilots had to work 15 days in a month to accrue vacation time. Between May 2005 and July 2013, pilots accrued vacation time in any month in which they either worked 15 days or received 37.5 hours of compensation. After July 2013, pilots accrue vacation only in the months in which they have received 37.5 hours of compensation.

**C. USERRA**

USERRA provides in relevant part that "[a] person who ... has an obligation to perform service in a uniformed service shall not be denied ... any benefit of employment by an employer on the basis of that ... performance of service ... or obligation." 38 U.S.C. § 4311(a). For purposes of the Act, benefits of employment are either seniority-based or non-seniority based. With regards to seniority-based benefits, an employee returning from military service "is entitled to the seniority and other rights and benefits determined by seniority that the person had on the date of the commencement of service in the uniformed services plus the additional seniority and

ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 4

rights and benefits that such person would have attained if the person had remained continuously employed." 38 U.S.C. § 4316(a). Thus, if a benefit is based or determined on seniority, the benefit accrues as though the employee were continuously employed, regardless of the length of the military service. 20 C.F.R. § 1002.210. *See Fishgold v. Sullivan Drydock & Repair Corp*., 328 U.S. 275, 284-85 (1946) (holding that the returning service member "does not step back on the seniority escalator at the point he stepped off. He steps back on at the precise point he would have occupied had he kept his position continuously during the war."). With regards to benefits that are not determined with reference to seniority, the returning employee is "entitled to such other rights and benefits . . . as are generally provided by the employer of the person to employees having similar seniority, status, and pay who are on furlough or leave of absence[.]" 38 U.S.C. § 4316(b)(1)(B).

**1. Characterization of Sick Time Benefit**

A benefit is considered a "seniority-based benefit" when "the nature of the benefit [is] a reward for length of service, rather than a form of short-term compensation for services rendered." *Coffy v. Republic Steel Corp.*, 447 U.S. 191, 197-98 (1980). *See* 20 C.F.R. § 1002.212(a). Of course, any money or benefit paid based on a unit of time worked (be it an hour or a year) can be characterized as either compensation or a reward for longevity. *See Moss v. United Airlines, Inc.*, 420 F. Supp.3d 768, 771 (N.D. Ill. 2019). "This does not mean, however, that employers and unions are empowered by the use of transparent labels and definitions to deprive a veteran of substantial rights guaranteed by the Act." *Accardi v. Pennsylvania R. Co.*, 383 U.S. 225, 229 (1966). In order to safeguard Congress' intent to "preserve for the returning veterans the rights and benefits which would have automatically

ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 5

accrued to them had they remained in private employment rather than responding to the call of their country," the term "seniority-based benefit" is not limited by a narrow, technical definition. *Id.*

Case law in this area suggests that the key factor in determining whether a benefit is seniority-based is whether the benefit is forward-looking (*i.e.*, offering an incentive for longevity with the company) as opposed to backward-looking (*i.e.*, providing compensation for work already performed). *Moss*, 420 F. Supp.3d at 771. Benefits such as pensions (*Alabama Power Co. v. Davis*, 431 U.S. 581, 593-94 (1977)), annual bonuses (*DeLee v. City of Plymouth, Ind.*, 773 F.3d 172 (7th Cir. 2014)), severance pay (*Accardi*, 383 U.S. at 230), and supplemental unemployment pay (*Coffy*, 447 U.S. at 205) have been found to be seniority-based benefits: they often vest only after a certain amount of time on the job, accumulate without regard to the number of hours worked, and/or provide a level of economic security that is tied to the length of service. In contrast, vacation benefits that are earned based on the amount of work performed in a certain period are not based on seniority: to hold otherwise would grant to service members returning from years of service the accumulated vacation benefits, which would be "sharply inconsistent with the common conception of a vacation as a reward for and respite from a lengthy period of labor." *Foster v. Dravo Corp.*, 420 U.S. 92, 101 (1975). *See also* 20 C.F.R. § 1002.150(c) ("As a general matter, accrual of vacation leave is considered to be a non-seniority benefit that must be provided by an employer to an employee on a military leave of absence only if the employer provides that benefit to similarly situated employees on comparable leaves of absence.).

Plaintiff concedes that vacation time under the CBA is not seniority-based. Dkt. # 57 at 6.

ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 6

He argues, however, that sick time is different for two reasons. First, an Alaska Airlines pilot need only work for six hours in a month, which plaintiff asserts is a paltry amount that divorces the benefit from the work requirement and instead rewards mere time on the payroll. Plaintiff argues that, by requiring so little in exchange for an award of sick time, Alaska Airlines effectively made the award automatic and treats pilots as continuously employed. Second, plaintiff argues that a sick time benefit is more akin to the supplemental employment benefits which the Supreme Court found were seniority-based in *Coffy* than to vacation benefits.

The Supreme Court has identified two requirements of seniority-based rights and benefits. *Coffy*, 447 U.S. at 197-98. As discussed above, the benefit must be provided as a reward for length of service rather than as a form of short-term compensation for services rendered. In addition, "the service member's receipt of the benefit, but for his or her absence due to service, must have been reasonably certain." Uniformed Services Employment and Reemployment Rights Act of 1994, As Amended, 70 Fed. Reg. 75246-01, 75276 (Dec. 19, 2005) (citing *Coffy*, 447 U.S. at 197-98; *Alabama Power*, 431 U.S. 581 (1977); S. Rep. No.103-158, at 57 (1993); *Goggin v. Lincoln, St. Louis*, 702 F.2d 698, 701 (8th Cir. 1983)). The regulations implementing USERRA add a third consideration, derived from *McKinney v. Missouri-Kansas-Texas R.R. Co.*, 357 U.S. 265 (1958), which requires an evaluation of the employer's "actual custom or practice" in conferring or withholding a benefit to ensure that written policies or contracts do not obscure the true nature of the benefit. 20 C.F.R. § 1002.212(c).

Plaintiff has not raised a triable issue of fact regarding the essential function or real nature of the sick time benefit. Sick leave is generally intended to provide income for periods of time when the employee or a family member is ill and the employee is unable to work. 20 C.F.R.

ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 7

§ 1002.153. It is a benefit to be earned and used during the course of employment, without regard to seniority or length of service. In fact, the CBA front-loads the award of sick time to new hires so that the benefit is available to them immediately, a practice that is not in keeping with traditional seniority-based awards. Dkt. # 50-2 at 21.[3] As with the vacation benefit, sick time accrues only if the pilot satisfies the work requirement specified in the CBA.[4] "[T]he presence of a work requirement is strong evidence that the benefit in question was intended as a form of compensation." *Foster*, 420 U.S. at 99. While military pilots can accrue sick time in a month in which they perform as little as one hour of work (*i.e.*, they need not hit the six hour threshold), the benefit is still conditioned on work being performed within the relevant time period. In this context, both Congress and the courts have recognized sick time accrual as a form of compensation that is not based on seniority. S. Rep. No. 103-158, at 93 (1993); *LiPani v. Bohack Corp.*, 546 F.2 487, 491 (2nd Cir. 1976); *Hoefert v. Am. Airlines, Inc.*, 438 F. Supp.3d 724, 736 (N.D. Tex. 2020); *Moss*, 420 F. Supp.3d at 775. *See Aiello v. Detroit Free Press, Inc.*,

---

[3] Although the sick time award does not have to be used immediately (and is therefore properly characterized as a type of deferred compensation), it begins to accrue as soon as employment begins and can be taken as soon as it is awarded. In *Coffy*, on the other hand, an employee had to complete two years of continuous service in order to be eligible for supplemental unemployment benefits, and the amount of benefits was ultimately determined based on calculations having nothing to do with hours worked (namely, the hourly wage rate, the number of dependents, the amount of state unemployment compensation paid, and the level of funding in the plan). 447 U.S. at 198-99. While there are obvious distinctions between the purposes for which vacation and sick time are awarded, they are more similar to each other than the type of benefits that take years to vest or that come into play only after an employee has been thrown out of work or has retired.

[4] Plaintiff takes issue with the way compensable work is defined in the CBA, but Alaska Airlines' alleged willingness to compensate pilots for testifying in court, using vacation time, serving on a jury, *etc*., does not change the fact that it requires an exchange of work for the sick time benefit. The CBA explicitly excludes from sick time accrual months in which compensation received relates solely to non-work activities, such as reimbursement of expenses and profit-sharing. Dkt. # 50-2 at 20.

ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 8

570 F.2d 145, 148 (6th Cir. 1978) (finding that a veteran returning from military absence "is not entitled to benefits which require more than continued status, such as a work requirement demanding actual performance on the job").

Nevertheless, plaintiff argues that the work requirement at issue here is "so insubstantial that it appears plainly designed to measure time on the payroll rather than hours on the job." *Foster*, 420 U.S. at 99. Plaintiff makes no attempt to explain why this would be so. Under the CBA, both vacation time and sick time are offered in exchange for hours worked during the pay period. Sick time, in particular, is not linked to longevity of service in any way. Nor does plaintiff explain why a six-hour requirement is insubstantial. Alaska Airlines pilots are guaranteed only 75 hours of work per month, so a six-hour requirement is 8% of the guarantee. In *Foster*, the case on which plaintiff relies for the concept that courts must engage in a quantitative analysis when determining the real nature of a benefit, the Supreme Court found that a work requirement of only one hour/week for less than half the year was substantial enough to find that a vacation benefit was not based on seniority or longevity. 420 U.S. at 99. Nor is there any reason to suspect that Alaska Airlines' current sick leave benefit was designed to reflect or reward longevity rather than to compensate work already performed. Defendant affirmatively changed its sick leave accrual policy in 2009, abandoning the automatic accrual of sick time as long as a pilot was employed and instead requiring compensation for work performed. As plaintiff acknowledges, a benefit that does not accrue with seniority is not a seniority-based benefit. Where, as here, sick time is expressly conditioned on and earned by the performance of work in the relevant time period and there is no indication that the benefit is designed to reward or calculated based on the length of service with the company, the benefit is not a seniority-

based benefit for purposes of § 4316(a). In the absence of a showing that Alaska Airlines' actual custom or practice varies from that set forth in the CBA, defendant is entitled to summary judgment on this issue.[5]

### 2. Comparable Forms of Leave

Uniformed service members are entitled to accrue non-seniority-based benefits, such as vacation and sick time, while on military leave if the employer generally provides those benefits to similarly-situated employees on other, comparable forms of furlough or leave of absence. 38 U.S.C. § 4316(b); 20 C.F.R. § 1002.150(b). This requirement gives life to the employer's duty not to discriminate against an employee because he or she is in the uniformed services.

> It "requir[es] employers, with respect to rights and benefits not determined by seniority, to treat employees taking military leave, equally, but not preferentially, in relation to peer employees taking comparable non-military leaves generally provided under the employer's contract, policy, practice or plan." *Rogers v. City of San Antonio*, 392 F.3d 758, 769 (5th Cir. 2004); accord *Crews v. City of Mt. Vernon*, 567 F.3d 860, 865–66 (7th Cir. 2009); *Tully v. Dep't of Justice*, 481 F.3d 1367, 1369-70 (Fed. Cir. 2007). This standard of equal-but-not-preferential-treatment is consistent with the Supreme Court's interpretation of a related provision of the prior statute in *Monroe v. Standard Oil Co.*, 452 U.S. 549, 560-62 (1981); *see also Sandoval v. City of Chi.*, 560 F.3d 703, 705 (7th Cir. 2009) ("accommodation ... is fundamentally different from an equal-treatment norm").

*Dorris v. TXD Servs., LP*, 753 F.3d 740, 744-45 (8th Cir. 2014).

Plaintiff argues that he is entitled to benefits under § 4316(b) because Alaska Airlines

---

[5] Plaintiff asserts that he did not accrue sick leave in December 2005, in the midst of an eleven-month military leave that occurred fifteen years ago. This individual wrong cannot save the class claims. Nor has plaintiff come forward with evidence to contradict defendant's showing that he was, in fact, awarded sick leave in December 2005.

ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 10

allows pilots on jury duty and sick leave to accrue vacation and sick time. That provision entitles

service members "to such other rights and benefits . . . as are generally provided by the employer

. . . to employees having similar seniority, status, and pay who are on furlough or leave of

absence under a contract, agreement, policy, practice, or plan . . . ." The regulations

implementing USERRA state in relevant part:

> (b) If the non-seniority benefits to which employees on furlough or leave of
> absence are entitled vary according to the type of leave, the employee must be
> given the most favorable treatment accorded to any comparable form of leave
> when he or she performs service in the uniformed services. In order to determine
> whether any two types of leave are comparable, the duration of the leave may be
> the most significant factor to compare. For instance, a two-day funeral leave will
> not be "comparable" to an extended leave for service in the uniformed service. In
> addition to comparing the duration of the absences, other factors such as the
> purpose of the leave and the ability of the employee to choose when to take the
> leave should also be considered.                                            . . .

20 C.F.R. § 1002.150.

### a. Jury Duty

The CBA provides that, with proper notice and the submission of paperwork, a pilot

called to serve on or be available for jury duty will be compensated. *See, e.g.*, Dkt. # 50-2 at 36.

Alaska Airlines acknowledges that, if a pilot receives pay during a jury duty absence, he or she

also accrues vacation time. Dkt. # 58 at 14.[6] Although jury duty and military leave are

comparable as far as their purpose (service to the government) and the employee's limited ability

---

[6] Plaintiff has not shown that pilots accrue sick time when on jury duty. After 2009, the CBA
provides that benefit only when compensation is received for "work performed." Assuming pilots accrue
sick time when serving on or available for jury duty, the vacation time analysis set forth in the text
applies.

ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 11

to control when such leave is necessary, the duration of the two types of leaves differs

significantly. There is no indication that plaintiff has served on a jury during his sixteen-year

tenure with Alaska Airlines. In contrast, plaintiff was called for military duty approximately 70

times during the same period. Twenty of those leaves exceeded 45 days in length. Five of his

extended leaves surpassed six months. No Alaska Airlines pilot has been absent for jury duty for

longer than twenty consecutive days since the class period began, with the average jury-related

absence being just less than three days.

The case law in this area generally reflects the specific facts presented. Where a service

member files an individual lawsuit seeking to recover a benefit he or she would have earned

during weekend drills and annual training, courts have found that the service at issue is

comparable to jury duty. *See Waltermyer v. Aluminum Co. of Am.*, 804 F.2d 821, 821-22 (3rd

Cir. 1986); *Schmauch v. Honda of Am. Mfg., Inc.*, 295 F. Supp.2d 823, 836-39 (S.D. Ohio 2003).

Where a service member sues on behalf of a putative class and his longest military leave was

twenty-five days, the leaves have been deemed comparable. *See Duffer v. United Continental

Holdings, Inc.*, 173 F. Supp.3d 689, 704-05 (N.D. Ill. 2016). But where service members sue

individually or on behalf of a class for benefits that would have accrued during periods of

military leave measured in years, the two types of leave have been found not comparable based

on the first factor of 20 C.F.R. § 1002.150(b) - duration. *See Tully v. Dep't of Justice*, 481 F.3d

1367, 1368-70 (Fed. Cir. 2007). To the extent the comparison to be made focuses on the duration

of the military leave that is actually at issue in the case, plaintiff's military leaves far exceed any

jury duty leaves taken by plaintiff or other Alaska Airlines pilots. Because plaintiff has filed this

lawsuit on behalf of a class, the duration of other class members' military leaves are also

ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 12

relevant. Some of the other pilots' military leaves have lasted years. Thus, the most significant factor in determining whether the two leaves are comparable militates against such a finding.

Plaintiff, apparently recognizing the problem, seeks to limit his requested relief - and the scope of the comparison - to the first ninety days of each military leave. He essentially requests that the Court ignore record evidence of extended absences and/or arbitrarily divide military leaves at the ninety-day point so that he can argue that military leave is comparable to jury duty. But there is nothing in the CBA, USERRA, or the implementing regulations that suggests that military leave can be chopped up so as to create comparators. Rather, the regulations refer to the "type" or "form" of leave, implying a more categorical comparison than plaintiff now seeks.[7] In this case, plaintiff sought benefits associated with all military leave incurred by a class of Alaska Airlines pilots, placing before the Court the full range and extent of military leave. In these circumstances, the Court finds that a more universal comparison between the types of leaves in all of their various manifestations "is the appropriate standard, particularly when the issue is presented as a class claim." *Clarkson v. Alaska Airlines, Inc.*, C19-0005TOR, 2021 WL 2080199, at *5 (E.D. Wash. May 24, 2021).

Plaintiff has not met his burden of showing that military leave, as experienced by the class and evidenced by the record, is comparable to jury duty.

---

[7] The Court has not considered whether a plaintiff, as master of the complaint, can define the character of the military leave for comparison purposes by limiting his or her request for recovery of benefits to specific, shorter military leaves. The implementing regulations leave open the possibility of comparing a single military leave to other types of leave: the example provided in 20 C.F.R. § 1002.150(b) compares "a two-day funeral" with "an extended leave for service in the uniformed service."

ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 13

1

2

### b. Sick Leave

3

Pilots who take sick leave to recover from an illness or injury continue to accrue sick and

4

vacation leave in certain circumstances.[8] To that extent, they are treated more favorably than

5

pilots who have taken a military leave of absence. From these basic facts, plaintiff argues that he

6

is entitled to accrue sick time and vacation time under § 4316(b)(1). That provision entitles

7

service members to be treated as if they are on "furlough or leave of absence" while performing

8

military service (§ 4316(b)(1)(A)) and requires the employer to provide the same sort of non-

9

seniority benefits that are "generally provided" to other employees "who are on furlough or leave

10

of absence under a contract, agreement, policy, practice, or plan" (§ 4316(b)(1)(B)). According

11

to the implementing regulations, the focus of the inquiry is on "the non-seniority benefits to

12

which employees on furlough or leave of absence are entitled." 20 C.F.R. § 1002.150(b).

13

Therein lies the problem for plaintiff's argument. Neither common usage nor the governing

14

CBAs equate sick leave with a furlough or a leave of absence.

15

16

Sick leave is earned ahead of time in exchange for work already performed. Instead of

17

paying a higher hourly rate and expecting employees to save for the proverbial rainy day, Alaska

18

Airlines promises future compensation via sick leave hours that accrue in "banks" or "accounts"

19

to be used when an employee is ill or injured. An employee with banked hours is entitled to use

20

them for the purposes for which they were granted. Although the employee is required to give

21

notice, he or she need not obtain permission. *See* Dkt. # 50-1 at 44. The benefit is offered to

22

23

24

[8] If a pilot works 6 hours in a month despite the illness/injury or if he or she receives at least 32

25

hours and thirty minutes of sick leave compensation during the pay period, the pilot accrues additional sick leave benefits. Dkt. # 50-1 at 42. Since at least July 2013, pilots accrue vacation if they have

26

received 37.5 hours of compensation, which presumably could include compensation paid out of sick leave banks.

27

ORDER GRANTING DEFENDANTS'

28

MOTION FOR SUMMARY JUDGMENT - 14

promote the interests of the employer: by compensating employees who stay home when they are ill or when they submit to an annual physical examination, sick leave gives sick employees the chance to recover, safeguards the health of co-workers, and promotes the overall health of the workforce. Dkt. # 50 at ¶ 21; Dkt. # 50-1 at 46. When an employee is furloughed or granted a leave of absence, on the other hand, permission to be absent from work must generally be granted. *See, e.g.*, Dkt. # 50-1 at 38.[9] The entitlement was not previously earned, and the leave does not generally benefit the employer.

As a form of deferred compensation, sick leave is not a furlough or leave of absence and does not, therefore, fall within the ambit of § 4316(b)(1)(B). In the alternative, the Court finds that the purposes of the two types of absences, as discussed above, are not comparable under 20 C.F.R. § 1002.150(b). Although the duration of sick leave (both hypothetically and in practice) is significantly longer than jury duty absences and therefore more comparable to military leave,[10] sick leave must be earned and banked before it can be used, with a cap of 1,000 hours.[11] Military

---

[9] Permission to take military leave is automatically granted. Dkt. # 50-1 at 39.

[10] The average length of military leave absences during the relevant time frame was 12.8 days, whereas the average length of absences due to illness or injury was 7.1 days. Dkt. # 50 at ¶ 12. In addition, pilots can bank or accrue up to 1,000 hours of sick time which, given the guaranteed hours airline pilots have in a month, can generate compensation (and the accrual of sick and vacation time benefits) for over a year.

[11] Plaintiff points out that if a pilot is too sick to work, he or she will have continuing absences even if all accrued leave has been expended. At that point, however, the leave is unpaid and neither sick leave nor vacation leave accrue. In those circumstances, the absent pilots are treated no more favorably with regards to the accrual of benefits than pilots on military leave. If the sick or injured pilot is eligible for insurance payments under Alaska Airlines' long-term disability plan, his or her sick leave and vacation balances are preserved until their return to active service, but the benefits do not continue to accrue during a long-term disability leave. Dkt. # 55-3 at 13.

ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT - 15

1   leaves of absence, on the other hand, are unlimited and have extended far beyond the maximum

2   sick time benefit could conceivably allow. The Court finds, in the alternative, that military

3   absences and sick absences are not comparable. *See Hoefert*, 438 F. Supp.3d at 739.

4

5

6          For all of the foregoing reasons, defendants' motion for summary judgment is

7   GRANTED. The Clerk of Court is directed to enter judgment in favor of defendants and against

8   plaintiff.

9

10         Dated this 31st day of May, 2022.

11

12                                          _____
                                            Robert S. Lasnik
13                                          United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   ORDER GRANTING DEFENDANTS'
     MOTION FOR SUMMARY JUDGMENT - 16