UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LEO SYNORACKI, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>ALASKA AIRLINES, INC.,[1]<br><br>Defendant. | CASE NO. 2:18-cv-01784-RSL<br><br>ORDER ON REMAND |

This matter comes before the Court on remand from the United States Court of Appeals for the Ninth Circuit with instructions to reconsider the summary dismissal of plaintiff's claims in light of *Clarkson v. Alaska Airlines, Inc.*, 59 F.4th 424 (9th Cir. 2023), including the possibility of certifying a narrower, temporarily limited class. Dkt. # 79 at 4. The parties shall confer and file a joint status report no later than March 3, 2025, as to how this matter should proceed. At a minimum, the parties shall address the following subjects:

1. Which of Mr. Synoracki's military leaves of absence (a) were "short-term" as that phrase was understood in *Clarkson*, 59 F.4th at 431, and (b) did not accrue vacation and/or sick time?

---

[1] The claims asserted against defendant Alaska Air Group, Inc., were dismissed on May 31, 2022 (Dkt. # 70 at 2 n.1) and the claims asserted against the Doe defendants were abandoned. The Ninth Circuits decision and remand did not alter these facts. Alaska Airlines, Inc., is the sole defendant going forward.

ORDER ON REMAND - 1

2. Which of Mr. Synoracki's longer military leaves of absence (a) are arguably comparable to jury duty[2] in duration, (b) did not accrue vacation and/or sick time, and (c) therefore give rise to a jury issue regarding comparability under the analysis in *Clarkson*?

3. Which of Mr. Synoracki's military leaves of absence were so much longer than any jury duty taken by Alaska Airline pilots that they are not comparable to jury duty under the governing regulation, 20 C.F.R. § 1002.150(b)?

4. Assuming, for purposes of this joint status report, that final approval of the class action settlement in *Clarkson v. Alaska Airlines, Inc.*, No. 2:19-cv-005-TOR, is granted, which of Mr. Synoracki's claims will survive?

5. Do the parties anticipate filing a motion to modify the class definitions and, if so, when do they anticipate the motion will be filed?

6. Do the parties anticipate filing renewed motions for summary judgment based on the Ninth Circuit's analysis in *Clarkson* and, if so, when do they anticipate the motions will be filed?

7. What is the anticipated length of the trial in this matter?

Dated this 3rd day of February, 2025.

Robert S. Lasnik
United States District Judge

---

[2] The Court rejected as a matter of law plaintiff's claim that military leave was comparable to sick leave and alternatively found that sick leave is not a "furlough or leave of absence" that falls within the ambit of 38 U.S.C. § 4316(b)(1)(B). Dkt. # 70 at 14-16. Plaintiff did not challenge these decisions on appeal.

ORDER ON REMAND - 2