UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LEO SYNORACKI, on behalf of himself and all others similarly situated,

          Plaintiff,

      v.

ALASKA AIRLINES, INC.,

          Defendant.

CASE NO. 2:18-cv-01784-RSL

ORDER GRANTING IN PART LEAVE TO AMEND

      This matter comes before the Court on "Plaintiff's Motion for Leave to File First Amended Class Action Complaint to Amend the Class Action Allegations and to Amend the Certified Class Definitions." Dkt. 85. On May 31, 2022, the Court granted defendant's motion for summary judgment, finding *inter alia* that neither vacation nor sick time accrual are seniority-based benefits, that leaves of absence for jury duty are not comparable to the military leaves of absence ("MLOA") at issue in this case, and that sick leave is a form of deferred compensation, not a furlough or leave of absence that can be compared to MLOA under the Uniform Services Employment and Reemployment Rights Act of 1994 ("USERRA), 38 U.S.C. § 4301, *et seq*. Dkt. 70. On appeal, the Ninth Circuit vacated the order as to plaintiff's non-seniority benefits claims and remanded for reconsideration in light of an intervening decision, *Clarkson v. Alaska Airlines, Inc.*, 59 F.4th 424 (9th Cir. 2023). *Clarkson* held in relevant part that "when assessing USERRA

ORDER GRANTING IN PART LEAVE TO AMEND - 1

violations, comparability of the military leave taken by the servicemember and other paid leave offered by the employer is to be determined by examining the length of the leave at issue, rather than by using a categorical approach." *Synoracki v. Alaska Airlines, Inc.*, No. 22-35504, 2024 WL 4501072, at *2 (9th Cir. Oct. 16, 2024). The Ninth Circuit expressly stated that "[o]n remand, the district court may consider certifying a narrower, temporally limited class" if plaintiff, as master of his complaint, chose to limit his "request for recovery of benefits to specific, shorter military leaves." *Id*.

Plaintiff seeks to amend his complaint to seek recovery of vacation and sick time accrual benefits related to military leaves of 90 days or less and to represent separate subclasses of pilots who were on military leaves of 30 days or less, 31-60 days, and 61-90 days. Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires," and there is a strong public policy in favor of permitting amendment. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999); *Benshoof v. Ferguson*, No. 2:24-cv-00808-JHC, 2025 WL 459884 at 1 (W.D. Wash. Feb. 11, 2025). Rule 15(a) is to be applied with "extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam). When determining whether leave to amend should be granted, courts consider several factors, including: (1) bad faith; (2) undue delay; (3) repeated failure to cure deficiencies in previously allowed amended complaints; (4) prejudice to the opposing party; (5) futility; and (6) whether the party has been previously granted leave to amend. *Id*. at 1052. This analysis should generally "be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). Absent prejudice or a strong showing of one of the other factors, there is a presumption in favor of amendment. *Eminence Cap.*, 316 F.3d at 1052; *New York Life Ins. Co. v. Gunwall*, 675 F. Supp. 3d 1126, 1136 (W.D. Wash. 2023).

Defendant argues that many of plaintiff's proposed amendments would be futile and should not be permitted. *See AmeriSourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946,

ORDER GRANTING IN PART LEAVE TO AMEND - 2

951 (9th Cir. 2006); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). "An amendment is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss." *Schasteen v. Saltchuk Res., Inc.*, No. 24-CV-01529-EMC, 2024 WL 3560721, at *3 (N.D. Cal. July 25, 2024) (citing *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059–1060 (9th Cir. 2018) and *Roth v. Garcia Marquez*, 942 F.2d 617, 628–629 (9th Cir. 1991)). As a general matter, the addition of temporal limitations designed to make the military leaves at issue more comparable to non-military furloughs or leaves of absence materially changes the facts alleged, has not been considered by the Court, and, as discussed in *Clarkson*, is not necessarily futile.

To the extent plaintiff seeks to allege that "sick leave is comparable" to military leaves of various lengths, however, the new allegations do not alter the Court's conclusion that "sick leave is not a furlough or leave of absence and does not, therefore, fall within the ambit of § 4316(b)(1)(B)." Dkt. 85-1 at ¶ 63; Dkt. 70 at 15. Because these new allegations merely reassert a claim on which the Court has already ruled in defendant's favor, they are futile. *See, e.g., Hall v. United States*, 233 F.R.D. 591, 595 (D. Nev. 2005) (finding that amendment would be futile where the new allegations do not alter the court's prior analysis or conclusion).[1]

With regards to the new allegations of unpaid benefits owned to pilots who took military leaves of 30 days or less, those claims are barred by the settlement negotiated and approved in *Clarkson v. Alaska Airlines, Inc.*, No. 2:19-cv-0005-TOR, Dkt. 257 (W.D. Wash. Jan. 15, 2025). Mr. Clarkson represented a class of Alaska Airlines pilots, including

---

[1] Nothing in *Clarkson*, 59 F.4th 424, compels a different conclusion. The Ninth Circuit was not asked to determine whether sick leave was a "furlough or leave of absence" under USERRA, instead simply accepting plaintiff's allegations on the issue. This matter was remanded so that the undersigned could evaluate comparability based on temporally-limited military leaves if plaintiff chose to amend his complaint. He has done so, but the new allegations offer no basis on which to reconsider the Court's finding that sick leave is a form of deferred compensation that does not fall within the ambit of § 4316(b)(1)(B).

ORDER GRANTING IN PART LEAVE TO AMEND - 3

the plaintiff in this case, who took at least one short-term military leave of absence. Mr. Clarkson alleged that pilots who took non-military leave, such as jury duty, bereavement leave, and/or sick leave, were paid, and that the failure to pay pilots on military leaves of 30 days or less violated USERRA. As part of the settlement, the class released Alaska Airlines[2] from any and all claims under § 4316(b) "based on or arising out of the same factual predicate as Count IV" of the Amended Complaint. No. 2:19-cv-0005-TOR, Dkt. 257 at 23-24. While Count IV alleged that the class had been deprived of wages, salaries, and compensation, No. 2:19-cv-0005-TOR, Dkt. 31 at ¶ 85, the distinction between paid and unpaid leave also determines whether the employee accrued other benefits, such as vacation and sick time. The release, by its terms, extinguishes "any claim for damages for paid short-term military leave . . . through May 31, 2023" and "all claims for prospective relief that arise of the same factual predicate as Count IV, namely related to pay for short-term military leave." No. 2:19-cv-0005-TOR, Dkt. 242-2 at 30. Damages and prospective relief related to pay include the loss of benefits associated with pay.

    The district court record confirms that the parties in *Clarkson* intended to settle not only the claim for unpaid wages, but also any claim for associated benefits. When seeking preliminary approval of the settlement, class counsel represented to the court that the maximum amount the class could reasonably hope to recover was $9.7 million, an amount that include benefits afforded by Alaska to employees who take jury duty. No. 2:19-cv-0005-TOR, Dkt. 242-1 at ¶ 7. This calculation was highlighted in both the motion for preliminary approval and the motion for final approval: counsel argued that a negotiated settlement fund of almost 49% of the maximum gross damages was both substantial and better than most class action settlements achieve. No. 2:19-cv-0005-TOR, Dkt. 242 at 18 and Dkt. 250 at 12-13. The notice provided to class members described the lawsuit as

---

    [2] Horizon Air Industries, Inc., was also a defendant in *Clarkson*, but its release has no bearing on the viability of plaintiff's claims in this case.

ORDER GRANTING IN PART LEAVE TO AMEND - 4

alleging that Alaska had failed to provide "pay or benefits to employees who took short-term military leave" and informed the class that final approval of the settlement would release any claims against Alaska "for failure to provide pay or benefits under USERRA during periods of short-term military leave." No. 2:19-cv-0005-TOR, Dkt. 242-4 at 4 and 7. Even if there were some ambiguity in the meaning of the release provision (there is not), these representations to the court and the class as part of the settlement process show that the *Clarkson* settlement released any claim for damages – including claims for lost benefits – arising from the failure to pay employees who took short-term military leaves of absence. Plaintiff, as a member of the *Clarkson* class, cannot pursue a claim related to vacation and sick time accrual for military leaves of 30 days or less.

For all of the foregoing reasons, plaintiff's motion to amend is GRANTED in part and DENIED in part. Any claims based on the allegations that (a) sick leave is comparable to military leave or (b) defendant failed to provide vacation or sick time accrual to pilots on military leaves of 30 days or less cannot succeed and are therefore futile. Leave to amend is DENIED as to those allegations and claims. Plaintiff may, however, file an amended complaint within 14 days of the date of this Order that seeks recovery of vacation and sick time accrual for military leaves that lasted 31-60 days or 61-90 days.

The Court declines to certify classes or subclasses in the context of this motion for leave to amend the complaint, but presumes at this juncture that the 31-60 days and 61-90 days subclasses will be certified. Defendant shall, within 30 days of the filing of the

//

//

ORDER GRANTING IN PART LEAVE TO AMEND - 5

amended complaint, file its anticipated motion for summary judgment.[3]

Dated this 29th day of August, 2025.

*[signature]*
Robert S. Lasnik
United States District Judge

---

[3] Discovery in this matter lasted a year and a half and closed in August 2020. While the Court is willing to allow plaintiff to amend his complaint following the entry of judgment, it will not reopen discovery simply because plaintiff has come up with a new theory of the case. If a reasonable jury could find that jury duty leave is comparable to military leave lasting 31-60 days and/or 61-90 days based on the evidence plaintiff developed during discovery, this case will move forward. If not, summary judgment would be appropriate.

ORDER GRANTING IN PART LEAVE TO AMEND - 6