The Honorable Robert S. Lasnik

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LEO SYNORACKI, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ALASKA AIRLINES, INC., an Alaska corporation, ALASKA AIR GROUP, INC., a Delaware corporation, and DOES 1-10<br><br>Defendants. | CASE NO. 2:18-CV-01784-RSL<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE UNIFORMED SERVICES EMPLOYMENT AND REEMPLOYMENT RIGHTS ACT, 38 U.S.C. § 4301 ET SEQ. – CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff Leo Synoracki ("Plaintiff"), on behalf of himself and the class of all other similarly situated persons, complaints and alleges upon information and believe, based among other things, upon the investigation made by Plaintiff, alleges as follows:

### I.    NATURE OF THE ACTION

1.    This is a civil class action brought pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4301 *et seq*. ("USERRA"). It is brought by Plaintiff on behalf of a nationwide Class of all persons similarly situated, including current and former employees of Alaska Airlines, Inc. ("AAL") and Alaska Air Group, Inc. ("AAG") (both of which are collectively referred to herein as the "Company"), who were or are currently serving in the United States Armed Services or National Guard.

/ / /

First Amended
Class Action Complaint

Page 1

## II.    PARTIES

2.    Plaintiff is a citizen of the United States and a resident of the State of Washington.

3.    Plaintiff was employed by the Company from January 31, 2000 through February, 2023, and was at all relevant times based in Seattle, Washington.

4.    At all times relevant, Plaintiff was an officer in the Reserve Component of the United States Air Force ("USAFR") until he retired from the USAFR as a Lieutenant Colonel on April 1, 2017.

5.    During the relevant times referenced herein, Plaintiff was a qualified employee and member of the uniformed services as defined by 38 U.S.C. §4303(3) and (16).

6.    Defendant AAL is a corporation organized under the laws of the State of Alaska with its principal place of business in the State of Washington. At all relevant times, AAL was and is an employer as defined by 38 U.S.C. § 4303(4)(A).

7.    Defendant AAG is a corporation organized and existing under the laws of the State of Delaware, maintaining its principal place of business in the State of Washington. AAG is a holding company and the parent company of AAL.

8.    Whenever and wherever reference is made to individuals who are not named as defendants in this action, but were employees/agents of defendants, or any of them herein, such individuals at all times acted on behalf of defendants named in this action within the scope of their respective employments and agencies.

9.    Whenever and wherever reference is made in this Complaint to any conduct of defendants, or any of them, such allegations or references shall also be deemed to mean the conduct of each defendant, acting individually, jointly and severally.

10.    At all times relevant to this Complaint, defendants were the agents and employees of their codefendants, and in doing the things alleged in this Complaint were acting within the course and scope of that agency and employment.

/ / /

First Amended
Class Action Complaint

Page 2

11.     Plaintiff does not seek any relief greater than or different from the relief sought for the Classes of which Plaintiff is a member. This action, if successful, will enforce an important right affecting the public interest and would confer a significant benefit, whether pecuniary or non-pecuniary, on a large class of persons. Private enforcement is necessary and individual prosecution places a disproportionate financial burden on Plaintiff in relation to Plaintiff's stake in the matter.

### III.     JURISDICTION AND VENUE

12.     The jurisdiction of this court is founded on federal question jurisdiction, 28 U.S.C. §1331, as conferred by 38 U.S.C. §4323(b)(3).

13.     Venue is proper because the Company maintains its corporate headquarters in this district, as provided in 38 U.S.C. §4323(c)(2) and 28 U.S.C. §1391(b).

14.     Pursuant to 38 U.S.C. § 4323(h), "No fees or court costs may be charged or taxed against any person claiming rights under [USERRA]".

### IV.     GENERAL ALLEGATIONS

15.     USERRA prohibits "discrimination against persons because of their service in the uniformed services." 38 U.S.C. §4301(a)(3).

16.     Section 4311 of USERRA protects persons who serve or have served in the uniformed services from acts of discrimination and reprisal; for example, a person "who is a member of, . . . performs, has performed, . . . or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, . . . performance of service, . . . or obligation."

17.     Section 4316(a) of USERRA provides:

> A person who is reemployed under this chapter is entitled to the seniority and other rights and benefits determined by seniority that the person had on the date of the commencement of service in the uniformed services plus the additional seniority and rights and benefits that such person would have attained if the person had remained continuously employed.

38 U.S.C. § 4316(a).

18.     If benefits to which an employee is eligible are seniority-based benefits, the benefits accrue as though the employee was continuously employed, regardless of the length of military leave. 20 C.F.R. § 1002.210.

19.     Under Section 4316(b)(1)(B) of USERRA, employees on military leave are entitled to the same non-seniority-based benefits provided to other employees on similarly-situated, non-military related leaves of absence.

20.     If benefits to which an employee is eligible are non-seniority-based benefits, the employee must be given the most favorable treatment accorded to any comparable form of leave when he or she performs service in the uniformed services.  20 C.F.R. § 1002.150(b).

21.     "Benefit" is defined as:

> The term 'benefit', 'benefit of employment', or 'rights and benefits' means the terms, conditions, or privileges of employment, including any advantage, profit, privilege, gain, status, account, or interest (including wages or salary for work performed) that accrues by reason of an employment contract or agreement or an employer policy, plan, or practice and includes rights and benefits under a pension plan, a health plan, an employee stock ownership plan, insurance coverage and awards, bonuses, severance pay, supplemental unemployment benefits, vacations, and the opportunity to select work hours or location of employment."

38 U.S.C. §4303(2).

22.     Section 4311(c) provides:

> An employer shall be considered to have engaged in actions prohibited:
>
> (1) under subsection (a), if the person's membership, application for membership, service, application for service, or obligation for service in the uniformed services is a motivating factor in the employer's action, unless the employer can prove that the action would have been taken in the absence of such membership, application for membership, service, application for service, or obligation for service.

38 U.S.C. §4311(c).

First Amended
Class Action Complaint

Page 4

23.    Section 4312 of USERRA provides:

> [A]ny person whose absence from a position of employment is necessitated by reason of service in the uniformed services shall be entitled to the reemployment rights and benefits and other employment benefits of this chapter…

38 U.S.C. §4312(a).

24.    USERRA expressly supersedes any state or local law, agreement, and/or employer policy. 38 U.S.C. § 4302(b); 20 C.F.R. § 1002.7(b).

25.    Plaintiff believes and alleges the Company employs approximately 3,000 pilots, and approximately 1,000 pilots are or were members of the United States Armed Services or National Guard.

26.    Company pilots are subject to collective bargaining agreements ("CBAs"), but this lawsuit does not require interpretation of any terms contained in these CBAs. Rather the plain language of the Company's policies and procedures at issue violates USERRA.

27.    From his initial hiring with the Company on January 31, 2000, until his retirement from the USAFR on April 1, 2017, Plaintiff performed various periods of military service obligations that required him to take military leave from AAL.

28.    Plaintiff took military leaves of absence ("MLOA") of three days or less at least six (6) times during the Class Period. Vacation time and sick time accrued for Plaintiff Synoracki during those periods of MLOA.

29.    Plaintiff took the following sixteen (16) MLOA periods ranging from 31 days to 60 days, which resulted in at least 22 months where he did not accrue vacation time: August 5, 2005 – September 7, 2005 (34 days); September 23, 2005 – November 7, 2005 (46 days); November 9, 2005 – December 18, 2005 (40 days); February 7, 2006 – March 12, 2006 (34 days); March 14, 2006 – April 13, 2006 (31 days); November 3, 2006 – December 7, 2006 (35 days); February 3, 2007 – March 13, 2007 (39 days); March 15, 2007 – April 19, 2007 (36 days); June 7, 2007 – July 10, 2007 (34 days); July 12, 2007 – August 14, 2007 (34 days); September 12, 2007 – October 13, 2007 (32 days);

1 | January 11, 2008 – February 17, 2008 (38 days); January 29, 2009 – March 1, 2009 (32 days);  January

2 | 1, 2011 – February 24, 2011 (55 days); January 31, 2016 – March 2, 2016 (32 days); and January 1,

3 | 2017 – February 22, 2017 (53 days).

4 |       30.     Plaintiff took the following twelve (12) MLOA periods ranging from 60 days to 90

5 | days, which resulted in at least 21 months where he did not accrue vacation time: October 17, 2007 –

6 | January 9, 2008 (85 days); April 1, 2009 – May 31, 2009 (61 days); September 1, 2010 – November

7 | 1, 2010 (62 days); February 26, 2011 – May 13, 2011 (77 days); May 15, 2011 – June 30, 2011 (47

8 | days); January 1, 2012 – March 16, 2012 (76 days); March 18, 2012 – May 31, 2012 (75 days);

9 | December 13, 2012 – February 24, 2013 (74 days); April 1, 2013 – May 31, 2013 (61 days); January

10 | 16, 2014 – April 15, 2014 (90 days); October 20, 2014 – January 18, 2015 (90 days); and January 24,

11 | 2015 – April 2, 2015 (69 days).

12 |       31.     Since April 1, 2009, Plaintiff did not accrue sick time during these periods of MLOA

13 | where the MLOA periods caused him to be absent for a full bid month.

14 |       32.     Plaintiff did not accrue vacation time during the periods of MLOA taken between July

15 | 1, 2005 to July 9, 2013, where the MLOA periods caused him to not receive pay for fifteen (15) days

16 | or more during the MLOA.

17 |       33.     Plaintiff did not accrue vacation time during the periods of MLOA taken between July

18 | 9, 2013, and February 28, 2017, where the MLOA periods caused him to receive less than thirty-seven

19 | hours and thirty minutes (37:30) of compensation during the month.

20 | ***Sick Time Accrual***

21 |       34.     One of the benefits of employment available to Company pilots, including Plaintiff, is

22 | the accrual of sick time at a rate of five and one half (5 ½) hours for each monthly bid period, as long

23 | as that pilot receives compensation from the Company for six (6) or more hours of work performed

24 | during the monthly bid period.

25 |       35.     The Company allows military pilots to receive sick leave accrual in each monthly bid

26 | period they perform any work for compensation with the Company without regard to the six (6) hour

First Amended
Class Action Complaint

Page 6

1 threshold.

2     36.    Plaintiff and the Sick Time Class do not and have not accrued sick time during periods

3 of military leave when those leave periods have cause absences for full monthly bid periods.

4     37.    The Company has repeatedly and intentionally failed to allow pilots who are on military

5 leave to accrue sick time thereby denying members of the Class a benefit of employment.

6     38.    The Company's failure to allow its pilots to accrue sick time during their military leave

7 periods violates Section 4316(a) of USERRA.

8     39.    Alternatively, the Company's failure to allow its pilots to accrue sick time during

9 military leave periods while allowing other pilots on similar, non-military leave to accrue sick time

10 violates Section 4316(b)(1)(B) of USERRA.

11     *Vacation Accrual*

12     40.    Company pilots earn between fifteen (15) and forty-one (41) days of vacation time

13 based on their years of completed service with the Company.

14     41.    Company pilots receive vacation accrual for each monthly bid period, as long as a pilot

15 receives at least thirty-seven hours and thirty minutes (37:30) of compensation alone or in conjunction

16 with other benefits during the month.

17     42.    Plaintiff and the Vacation Class do not and have not accrued vacation time during

18 periods of military leave that caused absences that result in the pilots receiving less than thirty-seven

19 hours and thirty minutes (37:30) of compensation during a monthly bid period.

20     43.    The Company has repeatedly and intentionally failed to allow pilots who are on military

21 leave to accrue vacation time when that leave causes them to receive less than thirty-seven hours and

22 thirty minutes (37:30) of compensation during a monthly bid period, thereby denying members of the

23 Class a benefit of employment.

24     44.    The Company's failure to allow its pilots to accrue vacation time during all periods of

25 military leave periods violates Section 4316(a) of USERRA.

26 ///

45.    Alternatively, the Company's failure to allow its pilots to accrue vacation time during their military leave periods while allowing pilots on similar, non-military leave to accrue vacation time violates Section 4316(b)(1)(B) of USERRA.

## V.    CLASS ACTION ALLEGATIONS

46.    Plaintiff brings this action on behalf of himself and all others similarly situated, as a class action pursuant to Rule 23(a) and 23(b)(1), 23(b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure. The nationwide classes and subclasses which Plaintiff seeks to represent are pilots who are or were members of the United States Armed Services or National Guard and who have taken military leave while being employed by the Company.  Each class and subclass is composed of and defined as follows:

**Sick Time Accrual Class**:  All past and present pilots employed by Alaska Airlines, Inc., who: (i) did not accrue sick time while on periods of military leave from Alaska Airlines, Inc., since April 1, 2009; and (ii) were not at the maximum sick leave accrual level at the time of military leave(s) or at any time thereafter.

**31-60 Day MLOA Sick Time Accrual Subclass:** All past and present pilots employed by Alaska Airlines, Inc., who: (i) did not accrue sick time while on periods of military leave of between 31-60 days from Alaska Airlines, Inc., since April 1, 2009; and (ii) were not at the maximum sick leave accrual level at the time of military leave(s) or at any time thereafter.

**61-90 Day MLOA Sick Time Accrual Subclass:** All past and present pilots employed by Alaska Airlines, Inc., who: (i) did not accrue sick time while on periods of military leave of between 61-90 days from Alaska Airlines, Inc., since April 1, 2009; and (ii) were not at the maximum sick leave accrual level at the time of military leave(s) or at any time thereafter.

**Vacation Time Accrual Class**:  All past and present pilots employed by Alaska Airlines, Inc., who did not accrue vacation time while on periods of military leave from Alaska Airlines, Inc., since October 10, 2004.

**31-60 Day MLOA Vacation Time Accrual Subclass:** All past and present pilots employed by Alaska Airlines, Inc., who did not accrue vacation time while on periods of military leave of between 31-60 days from Alaska Airlines, Inc., since October 10, 2004.

**61-90 Day MLOA Vacation Time Accrual Subclass:** All past and present pilots employed by Alaska Airlines, Inc., who did not accrue vacation time while on periods of military leave of between 61-90 days from Alaska Airlines, Inc., since October 10, 2004.

47.    Plaintiff is a member of each Class and Subclass he seeks to represent.

First Amended
Class Action Complaint

Page 8

1    48.    The members of each Class are sufficiently numerous such that joinder of all members

2  is impracticable. Based on its website in 2018, the Company employs nearly 3,000 pilots. Based on

3  the number of airline pilots who are actively flying in the National Guard or Reserves, Plaintiff is

4  informed and believes that the Sick Time Class exceeds 600 present and former Company pilots. The

5  exact size of the Class is ascertainable through Company's records, including but not limited to

6  Company's employment records.

7    49.    Plaintiff is informed and believes that the Vacation Class exceeds 800 present and

8  former Company pilots. The exact size of the Class is ascertainable through Company's records,

9  including but not limited to Company's employment records.

10    50.    As Company does business throughout the nation with hubs and flight destinations in

11  states across the country, the members of the Class are likely geographically dispersed throughout the

12  United States.

13    51.    There are questions of law and fact common to the Classes, and these questions

14  predominate over individual questions. Such questions include, without limitation:

15    A.    whether the Company's failure to provide sick time accrual to pilots on military
           leave violates USERRA;

16

17    B.    whether the Company's failure to provide vacation accrual to pilots on military
           leave violates USERRA;

18    C.    whether the Company's acts and practices have violated USERRA by
           discriminating against its pilots who are members of the Armed Forces and have

19         taken military leave;

20    D.    whether Plaintiff and the Classes are entitled to compensatory and/or liquidated
           damages, and;

21

22    E.    whether injunctive and other equitable remedies for the Classes are warranted.

23    52.    The named Plaintiff will fairly and adequately represent and protect the interests of the

24  Classes and has no conflict of interests with the Classes.

25    53.    Plaintiff knows of no difficulty to be encountered in the management of this action that

26  would preclude its maintenance as a class action. Plaintiff retained adequate counsel who has

First Amended                    Page 9
Class Action Complaint

substantial experience and success in the prosecution of class actions and complex business litigation matters.

54.     Class certification is appropriate pursuant to Fed. R. Civ. Proc. Rule 23(b)(2) because the Company has acted on grounds generally applicable to the Classes and Subclasses, making appropriate declaratory and injunctive relief to Plaintiff and the Classes as a whole. The Class members are entitled to injunctive relief to end the Company's practices that have caused military affiliated pilots to be excluded from certain benefits and to be treated differently than pilots who have taken comparable types of leave and/or pilots without military affiliations.

## VI.     CLAIMS ALLEGED

### COUNT I
### (Sick Time Accrual) Violation of 38 U.S.C. § 4301, *et seq*.

55.     Plaintiff hereby alleges and incorporates all paragraphs 1-55 above by reference herein.

56.     Plaintiff's protected status as a United States Air Force Reservist was a motivating factor in Company's denial of benefits, conditions and privileges of Plaintiff's employment without good cause.

57.     One of the benefits of employment available to the Plaintiff and all of Defendants' pilots is the accrual of sick time at a rate of five and one half (5 1/2) hours per monthly bid period.

58.     Plaintiff and the class members have not accrued sick time during periods of military leave when that military leave caused an absence, caused the employee to not receive compensation from the Company, or prevented the employee from performing any work for the Company, for a full monthly bid period.

59.     Employees who have been absent due to military leave are entitled to additional sick time accrual because non-military pilots accrue sick leave during longer periods of other types of non-military leave.

60.     The Company provides sick time accrual during comparable leaves of absence in the form of jury duty.

61.     Jury duty is comparable to the duration of Plaintiff's and the class members' MLOA periods, because jury duty duration taken by an Alaska Airline pilots can last for extended periods of time, including jury duty up to 93 days.

62.     Plaintiff's and the class members' military service obligations were a motivating factor in the Company's discriminatory actions.

63.     The Company knowingly violated USERRA, among other ways, by discriminating against Plaintiff and the class members, and by denying them employment benefits "on the basis of" their "obligation to perform service in a uniformed service."

64.     As a direct and proximate result of the conduct of the Company, as set forth in this count, Plaintiff and the class members have suffered injuries and damages including but not limited to loss of past and future benefits, all to his damage in an amount to be proven at trial.

65.     Plaintiff alleges such violations of USERRA were done knowingly and requests liquidated damages to the class members in an additional amount equal to the present value of their lost sick time benefits, or fifty thousand dollars ($50,000), whichever is greater, pursuant to Section 4323(d)(1)(D).

## COUNT II
**(Vacation Time Accrual) Violations of 38 U.S.C. §4301, *et seq*.**

66.     Plaintiff hereby alleges and incorporates all paragraphs 1-67 above by reference herein.

67.     Company pilots earn vacation time based on their years of completed service with the Company.

68.     Plaintiff and the class members have not accrued vacation time during periods of military leave that caused absences which prevented the employee from receiving pay from the Company for less than fifteen (15) days in a monthly bid period, or resulted in receiving less than thirty-seven hours and thirty minutes (37:30) of compensation during a monthly bid period.

69.     The Company repeatedly and intentionally failed to allow pilots who are on military leave which caused them to receive less than fifteen (15) days of pay in a monthly bid period or to receive less than thirty-seven hours and thirty minutes (37:30) of compensation during a monthly bid

1 | period to accrue vacation time, thereby denying class members a benefit of employment.

2 |     70.    The Company's failure to allow its pilots to accrue vacation time during their military

3 | leave periods while allowing pilots on comparable, non-military leave to accrue vacation time violates

4 | USERRA.

5 |     71.    The Company provides vacation time accrual during comparable leaves of absence in

6 | the form of jury duty.

7 |     72.    Jury duty is comparable to the duration of Plaintiff's and the class members' MLOA

8 | periods, including because jury duty duration taken by Alaska pilots can last for extended periods of

9 | time, including jury duty up to 93 days.

10 |     73.    Plaintiff's and the class members' military service obligations were a motivating factor

11 | in Company's discriminatory actions.

12 |     74.    Company knowingly violated USERRA, among other ways, by discriminating against

13 | Plaintiff and the class members, and by denying them employment benefits "on the basis of" their

14 | "obligation to perform service in a uniformed service."

15 |     75.    As a direct and proximate result of the conduct of the Company as set forth in this

16 | count, Plaintiff and the class members have suffered injuries and damages including but not limited to

17 | loss of past and future benefits, with damages in an amount to be proven at trial.

18 |     76.    Plaintiff alleges such violations of USERRA were done knowingly and requests

19 | liquidated damages to the in an additional amount equal to the present value of their lost vacation time

20 | benefits, or fifty thousand dollars ($50,000), whichever is greater, pursuant to Section 4323(d)(1)(D).

21 | **JURY DEMAND**

22 |     77.    Pursuant to Federal Rule of Civil Procedure 38 or any similar rule or law, Plaintiff

23 | demands a trial by jury for all causes of action and issues for which trial by jury is available.

24 | **PRAYER FOR RELIEF**

25 |     **WHEREFORE**, based on the foregoing, Plaintiff prays for relief against Defendants, and each

26 | of them, as follows:

First Amended
Class Action Complaint

Page 12

1.     Determine that this action may proceed and be maintained as a class action, with certification of the Classes and Subclasses defined herein above; designating Plaintiff as Lead Plaintiff, and certifying Plaintiff as the Class representative under Rule 23 of the Federal Rules of Civil Procedure and their counsel of record as Class Counsel;

2.     Declare that the acts and practices complained of herein are unlawful and are in violation of USERRA;

3.     Require that the Company fully comply with the provisions of USERRA by providing Plaintiff and Class Members all employment benefits denied them as a result of the Company's unlawful acts and practices described herein;

4.     Enjoin the Company from taking any action against Plaintiff and members of the Classes that fail to comply with the provisions of USERRA;

5.     Award fees and expenses, including attorneys' fees pursuant to 38 U.S.C. §4323(h);

6.     Award Plaintiff and the Class prejudgment interest on the amount of lost wages or employment benefits due;

7.     Order that the Company pay liquidated damages in an amount equal to the amount of lost compensation and other benefits suffered, or fifty thousand dollars ($50,000), whichever is greater, due to their knowing violations of USERRA;

8.     Grant an award for costs of suit incurred; and

9.     Grant such other and further relief as may be just and proper and which Plaintiff and the Class may be entitled to under all applicable laws.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

First Amended
Class Action Complaint

Page 13

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DATED September 12, 2025


By: /s/ Brian J. Lawler

Brian J. Lawler (*pro hac vice)*
**PILOT LAW, P.C.**
4632 Mt. Gaywas Drive
San Diego, CA 92117
Tel: 619-255-2398
Email: blawler@pilotlawcorp.com

Gene J. Stonebarger (*pro hac vice)*
**STONEBARGER LAW, APC**
101 Parkshore Drive, Suite 100
Folsom, CA 95630
Tel: 916-235-7140
Email: gstonebarger@stonebargerlaw.com

Charles M. Billy (*pro hac vice*)
**LAW OFFICE OF CHARLES M. BILLY, APC**
22706 Aspan Street, Suite 305
Lake Forest, CA 92630
Telephone: 949-357-9636
Email: cbilly@cmblawcorp.com

Daniel Kalish
**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Ste 901
Seattle, WA 98101
Telephone: 206-838-2504
Email: dkalish@hkm.com


*Counsel for Plaintiff*
*and the Classes*

First Amended
Class Action Complaint

Page 14

1

2

**CERTIFICATE OF SERVICE**

3      I certify that on September 12, 2025, I filed the above-captioned document with the Court via

4  the Court's CM/ECF system which will cause the attorneys who have appeared in this action to be

5  served with this document.

6                                    Dated this September 12, 2025.

7

8                                    /s/ Gene J. Stonebarger
                                     Attorney for Plaintiff and the Classes
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26