UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LEO SYNORACKI, on behalf of himself
and all others similarly situated,

                Plaintiff,

      v.

ALASKA AIRLINES, INC.,

                Defendant.

CASE NO. 2:18-cv-01784-RSL

ORDER GRANTING IN PART
DEFENDANT'S SECOND MOTION
FOR SUMMARY JUDGMENT

This matter comes before the Court on defendant's second motion for summary judgment. Dkt. 95. On May 31, 2022, the Court granted defendant's first motion for summary judgment, finding *inter alia* that neither vacation nor sick time accrual are seniority-based benefits, that leaves of absence for jury duty are not comparable to the military leaves of absence ("MLOA") that were at issue in this case,[1] and that sick leave is a form of deferred compensation, not a furlough or leave of absence that can be compared to MLOA under the Uniform Services Employment and Reemployment Rights Act of

_____

[1] As originally pled, this litigation involved all military leaves taken during the class period, regardless of length.

ORDER GRANTING IN PART DEFENDANT'S SECOND
MOTION FOR SUMMARY JUDGMENT - 1

1994 ("USERRA), 38 U.S.C. § 4301, *et seq*. Dkt. 70. On appeal, the Ninth Circuit vacated the order as to plaintiff's non-seniority benefits claims and remanded for reconsideration in light of an intervening decision, *Clarkson v. Alaska Airlines, Inc*., 59 F.4th 424 (9th Cir. 2023). *Clarkson* held in relevant part that "when assessing USERRA violations, comparability of the military leave taken by the servicemember and other paid leave offered by the employer is to be determined by examining the length of the leave at issue, rather than by using a categorical approach." *Synoracki v. Alaska Airlines, Inc*., No. 22-35504, 2024 WL 4501072, at *2 (9th Cir. Oct. 16, 2024). The Ninth Circuit invited the district court to "consider certifying a narrower, temporally limited class" if plaintiff, as master of his complaint, chose to limit his "request for recovery of benefits to specific, shorter military leaves." *Id*.

Plaintiff was permitted to amend his complaint to seek recovery of vacation and sick time accrual benefits related to military leaves lasting between 31 and 90 days and to represent separate subclasses of pilots who were on military leaves of 31-60 days and 61-90 days. Dkt. 91; Dkt. 92. Defendant seeks dismissal of all amended claims. Having reviewed the memoranda submitted and the remainder of the record, and taking the evidence in the light most favorable to plaintiff, the Court finds as follows:

(1) Uniformed service members are entitled to accrue non-seniority-based benefits, such as vacation and sick time, while on military leave if the employer generally provides those benefits to similarly-situated employees on other, comparable forms of furlough or leave of absence. 38 U.S.C. § 4316(b). The regulations implementing USERRA state in relevant part:

(b) If the non-seniority benefits to which employees on furlough or leave of absence are entitled vary according to the type of leave, the employee must be given the most favorable treatment accorded to any comparable form of leave when he or she performs service in the uniformed services. In order to determine whether any two types of leave are comparable, the duration of the

ORDER GRANTING IN PART DEFENDANT'S SECOND
MOTION FOR SUMMARY JUDGMENT - 2

leave may be the most significant factor to compare. For instance, a two-day funeral leave will not be "comparable" to an extended leave for service in the uniformed service. In addition to comparing the duration of the absences, other factors such as the purpose of the leave and the ability of the employee to choose when to take the leave should also be considered.

20 C.F.R. § 1002.150.

(2) The Court has already found, and reiterates here, that sick leave under Alaska's employment policies is not a furlough or leave of absence and does not fall within the ambit of 38 U.S.C. § 4316(b)(1)(B).

(3) A reasonable jury could, based on the existing record and after considering the duration, purpose, and control factors specified in 20 C.F.R. § 1002.150, find that MLOAs lasting between 31-60 days are comparable to jury duty and that employees on MLOAs of that length are entitled to accrue the same non-seniority benefits as employees on jury duty.

(4) Plaintiff has not shown that pilots on jury duty accrue sick time at a more favorable rate than pilots on MLOAs. The undisputed facts show that pilots on jury duty must work at least six hours in a bid month to accrue sick time, whereas pilots on MLOA accrue sick time if they perform any work during the bid month, with no minimum hour requirement.

(5) A reasonable jury could not conclude that MLOAs lasting between 61-90 days are comparable to jury duty.

For all of the foregoing reasons, defendant's second motion for summary judgment is GRANTED in part and DENIED in part. Plaintiff's claim regarding MLOAs lasting between 61-90 days fails as a matter of law, as does his claim for accrual of sick time during MLOAs lasting between 31-60 days. Neither subclass proposed in the First Amended Complaint has been certified, so these dismissals are as to plaintiff only. The

ORDER GRANTING IN PART DEFENDANT'S SECOND
MOTION FOR SUMMARY JUDGMENT - 3

parties shall, within thirty days of the date of this Order, meet and confer in an effort to agree on certification of a class of current and former employees of Alaska Airlines who were or are currently serving in the United States Armed Services or National Guard and who took MLOA lasting 31-60 days while employed by defendant. If agreement on this or some other class definition cannot be reached, plaintiff shall file a motion for class certification within 45 days of the date of this Order.

Dated this 13th day of March, 2026.

Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART DEFENDANT'S SECOND
MOTION FOR SUMMARY JUDGMENT - 4