The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LEO SYNORACKI, on behalf of himself and all others similarly situated,

Plaintiffs,

vs.

ALASKA AIRLINES, INC.,

Defendant.

No. 2:18-cv-01784-RSL

**PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

NOTE ON MOTION CALENDAR:
July 15, 2026

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

Case No. 2:18-cv-01784-RSL

PILOT LAW, P.C.
4632 Mt. Gaywas Drive
San Diego, CA 92117
Tel: 619-255-2398

## I. INTRODUCTION

After more than seven years of litigation—including two rounds of summary judgment, and an appeal to the Ninth Circuit—Plaintiff Leo Synoracki ("Plaintiff") and Defendant Alaska Airlines, Inc. ("Alaska") have reached a classwide settlement resolving Plaintiff's sole remaining claim under the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4301 *et seq.* ("USERRA"). The Settlement provides a non-reversionary cash payment of $500,000 for a Class of 163 current and former Alaska pilots who took military leaves of absence lasting between 31 and 60 consecutive days and did not accrue vacation time during those leaves. The full Settlement Agreement, executed June 17, 2026, is submitted herewith as Exhibit 1 to the Declaration of Gene J. Stonebarger ("Stonebarger Decl.").

The Settlement is an excellent result. It delivers immediate, certain monetary relief on a claim this Court substantially narrowed at summary judgment, through the simplest possible structure: no claim forms are required, and every Class Member will receive a pro rata share of the Net Settlement Fund calculated from Alaska's own records of the months in which each pilot did not accrue vacation while on qualifying military leave.

By this unopposed motion, Plaintiff respectfully requests that the Court: (1) certify the proposed Class under Federal Rule of Civil Procedure 23(a) and 23(b)(3) for settlement purposes; (2) grant preliminary approval of the Settlement pursuant to Rule 23(e)(1); (3) appoint Plaintiff as Class Representative; (4) appoint Brian J. Lawler of Pilot Law, P.C., Daniel Kalish of HKM Employment Attorneys LLP, and Gene J. Stonebarger of Stonebarger Law, APC as Class Counsel; (5) appoint Simpluris, Inc. as Settlement Administrator; (6) approve the proposed form and method of Class Notice; (7) preliminarily approve the proposed Plan of Allocation; and (8) set a schedule culminating in a Final Approval Hearing. Alaska does not oppose the relief requested herein.

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Case No. 2:18-cv-01784-RSL

PILOT LAW, P.C.
4632 Mt. Gaywas Drive
San Diego, CA 92117
Tel: 619-255-2398

## II.  FACTUAL AND PROCEDURAL BACKGROUND

### A.  The Claims and the Litigation History

Plaintiff, a retired Lieutenant Colonel in the United States Air Force Reserve and a former Alaska pilot, filed this action on December 12, 2018, alleging that Alaska violated USERRA by failing to allow pilots to accrue sick time and vacation time during periods of military leave. Dkt. 1. Alaska answered on February 7, 2019, Dkt. 29, and the Parties then conducted discovery, which closed in August 2020. *See* Dkt. 91 at 6 n.3. On May 22, 2020, the Court certified a Sick Time Accrual Class and a Vacation Time Accrual Class under Rule 23(b)(3), each comprising past and present Alaska pilots who did not accrue the respective benefit while on military leave from October 10, 2004 forward, appointed Plaintiff as Class Representative, and appointed class counsel. Dkt. 44.

On November 9, 2020, Alaska moved for summary judgment. Dkt. 49. On May 31, 2022, the Court granted the motion, holding among other things that vacation and sick time accrual are not seniority-based benefits under Section 4316(a), that jury duty leave was not comparable to the military leaves at issue, and that sick leave is a form of deferred compensation rather than a "furlough or leave of absence" within Section 4316(b)(1)(B). Dkt. 70. Plaintiff appealed. After briefing was complete, the Ninth Circuit vacated the judgment as to Plaintiff's non-seniority benefits claims and remanded for reconsideration in light of the intervening decision in *Clarkson v. Alaska Airlines, Inc.*, 59 F.4th 424 (9th Cir. 2023), which held that the comparability of military leave to other employer-provided leave under Section 4316(b)(1)(B) "is to be determined by examining the length of the leave at issue, rather than by using a categorical approach." *Synoracki v. Alaska Airlines, Inc.*, No. 22-35504, 2024 WL 4501072, at *2 (9th Cir. Oct. 16, 2024) (denying panel rehearing and issuing amended memorandum disposition); Dkt. 79. The panel observed that on remand this Court "may consider certifying a narrower, temporally limited class" if Plaintiff, "as master of the complaint," limited his "request for recovery of benefits to specific, shorter military leaves." *Id.* (quoting *Clarkson*, 59 F.4th at 433).

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

Case No. 2:18-cv-01784-RSL

PILOT LAW, P.C.
4632 Mt. Gaywas Drive
San Diego, CA 92117
Tel: 619-255-2398

On remand, Plaintiff moved for leave to amend to pursue vacation and sick time accrual for military leaves of 90 days or less, organized into 30-day, 31-to-60-day, and 61-to-90-day subclasses. Dkt. 85. On August 29, 2025, the Court granted the motion in part and denied it in part: it permitted claims for vacation and sick time accrual for leaves lasting 31 to 60 and 61 to 90 days, but held that the renewed sick-leave-comparability allegations were futile in light of Dkt. 70, and that all claims for leaves of 30 days or less were barred by the classwide release in the *Clarkson* settlement, No. 2:19-cv-0005-TOR, of which Plaintiff and the putative class here were members. Dkt. 91 at 3–5. The Court also declined to reopen the long-closed discovery record, cautioning that the case would proceed only if "a reasonable jury could find that jury duty leave is comparable to military leave lasting 31-60 days and/or 61-90 days based on the evidence plaintiff developed during discovery." *Id.* at 6 n.3.

Plaintiff filed his Amended Complaint on September 12, 2025, asserting two counts: Count I sought sick time accrual, and Count II sought vacation time accrual, for pilots on military leaves lasting between 31 and 90 consecutive days. Dkt. 92. On October 14, 2025, Alaska filed a second motion for summary judgment. Dkt. 95. On March 13, 2026, the Court granted that motion in part and denied it in part, leaving as Plaintiff's sole remaining claim Count II for accrual of vacation time under Section 4316(b) for military leaves lasting between 31 and 60 consecutive days. Dkt. 101 at 3. That ruling significantly reduced both the size of the class and the amount the class could recover: what began as sick time and vacation claims spanning leaves of 31 to 90 days was reduced to a single vacation accrual claim confined to the 31-to-60-day band. The case was postured for trial on that single, narrowed claim when the Parties commenced settlement negotiations.

## B. Settlement Negotiations

Following the March 13, 2026 summary judgment ruling, the Parties engaged in arm's-length negotiations informed by merits discovery, two rounds of summary judgment briefing, appellate briefing before the Ninth Circuit, and Alaska's leave-of-absence records quantifying the number of monthly bid periods in which each Class Member failed to accrue vacation, from which Class Counsel

4

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

Case No. 2:18-cv-01784-RSL

PILOT LAW, P.C.
4632 Mt. Gaywas Drive
San Diego, CA 92117
Tel: 619-255-2398

modeled classwide damages under multiple scenarios. Stonebarger Decl. ¶ 6. The negotiations were adversarial and conducted in good faith by counsel with substantial experience litigating USERRA benefit-accrual class actions on behalf of airline pilots, *Id.* ¶¶ 3, 6. The Parties notified the Court of their settlement in principle in May 2026 and executed the Settlement Agreement on June 17, 2026. The attorneys' fees—to which Class Counsel hold an independent statutory entitlement under USERRA, 38 U.S.C. § 4323(h)(2)—were negotiated as a separate component of the Settlement, apart from the classwide recovery. *Id.* ¶ 7.

### III.  SUMMARY OF THE SETTLEMENT TERMS

#### A.  The Settlement Class

The proposed Class consists of "current and former Alaska pilots who have taken military leave lasting between 31 and 60 consecutive days from October 10, 2004 through March 31, 2026, and who did not accrue vacation during those military leaves," excluding "persons who previously reached settlements with or judgments against Defendant resolving or releasing the claims being released in this Settlement Agreement." Settlement Agreement ("SA") § I.F. Based on Alaska's records, the Class comprises 163 pilots. Stonebarger Decl. ¶ 10.

#### B.  The Settlement Consideration

Alaska will pay a Cash Settlement Amount of $500,000.00 into an escrow account established as the "Alaska Military Vacation Settlement Fund" within 30 days of full execution of the Agreement. SA §§ I.E, I.M, IV.1. The Settlement Fund—the Cash Settlement Amount plus earnings and interest, less Court-approved deductions—is intended to be a qualified settlement fund under Treas. Reg. § 1.468B-1. SA §§ I.GG, IV.4. The Settlement is non-reversionary: no portion of the Fund returns to Alaska except in the event of termination before the Final Approval Order becomes Non-Appealable. SA § XIV.3. Court-approved attorneys' fees, litigation expenses, a service award, settlement administration costs, and any taxes on Fund earnings will be paid from the Settlement Fund, and the entire remainder (the "Net Settlement Fund") will be distributed to Class Members. SA §§ V, VII.3, VIII.1. Based on the maximum attorneys' fees of $247,500, the maximum service award of $5,000,

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

Case No. 2:18-cv-01784-RSL

PILOT LAW, P.C.
4632 Mt. Gaywas Drive
San Diego, CA 92117
Tel: 619-255-2398

and the Settlement Administrator's estimated administration costs of $6,959, the expected Net Settlement Fund available for distribution to Class Members is approximately $240,541—approximately 48% of the Cash Settlement Amount—exclusive of any Court-approved reimbursement of litigation expenses and any taxes on Fund earnings. Stonebarger Decl. ¶¶ 12–13 & Ex. 4. That expected net recovery equates to approximately $361 per non-accrual month and an average payment of approximately $1,476 per Class Member. *Id.* ¶ 13.

## C. The Plan of Allocation

The Net Settlement Fund will be distributed to the 163 Class Members on a pro rata basis according to the number of monthly bid periods in which each Class Member did not accrue vacation time as a result of a qualifying military leave of 31 to 60 consecutive days, as reflected in Alaska's records. Collectively, the 163 Class Members experienced 666 such non-accrual months, with individual Class Members ranging from 1 to 38 months (an average of approximately 4 months per Class Member). Stonebarger Decl. ¶ 10 & Ex. 3. Each Class Member's payment will therefore equal:

$$\textit{(Class Member's Non-Accrual Months} \div 666) \times \textit{Net Settlement Fund}$$

This methodology allocates the Settlement Fund in direct proportion to each Class Member's interest in the underlying claim, consistent with SA § VI.1, which requires a method that allocates the Fund "in accordance with the pro rata interest of each member of the Class or as close an approximation to that interest as is feasible." No claim form is required. The Settlement Administrator will calculate each payment from Alaska's records and mail checks directly to Class Members following the Final Approval Order becoming Non-Appealable. SA §§ V.3, VII.2. Alaska takes no position on the Plan of Allocation. SA § VI.2.

## D. The Release

Upon the Final Approval Order becoming Non-Appealable, Class Members will release the Released Parties from Count II of the Amended Complaint as to military leaves of up to 90 days taken through March 31, 2026, and from claims arising out of the same factual predicate, including claims for damages and prospective relief under Section 4316(b) for such leaves. SA § XIII.1. The release is

6

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

Case No. 2:18-cv-01784-RSL

PILOT LAW, P.C.
4632 Mt. Gaywas Drive
San Diego, CA 92117
Tel: 619-255-2398

appropriately tethered to the factual predicate of the operative pleading; claims to enforce the Settlement Agreement are not released. SA § XIII.2.

### E.  Attorneys' Fees, Litigation Expenses, and Service Award

USERRA is a fee-shifting statute: a court "may award any such person who prevails in such action or proceeding reasonable attorney fees, expert witness fees, and other litigation expenses," 38 U.S.C. § 4323(h)(2), and no fees or court costs may be charged against any person claiming rights under the statute, *id.* § 4323(h)(1). The attorneys' fees here were accordingly negotiated as a separate component of the Settlement, apart from and only after the Parties had reached agreement on the classwide recovery. Stonebarger Decl. ¶ 7. Class Counsel have devoted more than 1,000 hours to this litigation over seven-plus years, representing a lodestar in excess of $1,000,000. *Id.* ¶ 14. Class Counsel nonetheless agreed to reduce the fees to be paid to no more than $247,500—less than one quarter of the fees actually incurred—in order to effectuate a consensual resolution of the fee issue without contested fee litigation and opposition by Alaska. *Id.* ¶ 14; *cf. Fox v. Vice*, 563 U.S. 826, 838 (2011) (the determination of fees "should not result in a second major litigation") (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).

Class Counsel will apply by separate motion, filed and posted to the settlement website before the objection deadline, for an award of attorneys' fees not to exceed $247,500, reimbursement of litigation expenses, and a service award to Plaintiff not to exceed $5,000, each subject to Court approval. SA §§ VIII.1–.2; *In re Mercury Interactive Corp. Securities Litigation*, 618 F.3d 988, 993–95 (9th Cir. 2010). Alaska takes no position on the applications within those limits. SA § VIII.2. Court approval of the fee, expense, and service award applications is not a condition of the Settlement, and any reduction of those awards will not affect the Settlement's validity; any amounts not awarded remain in the Settlement Fund for distribution to the Class. SA §§ VIII.3, XI.4.

### F.  Settlement Administration and Class Notice

Plaintiff proposes the appointment of Simpluris, Inc. ("Simpluris") as Settlement Administrator. Simpluris is an award-winning class action settlement administrator that has

7

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

Case No. 2:18-cv-01784-RSL

PILOT LAW, P.C.
4632 Mt. Gaywas Drive
San Diego, CA 92117
Tel: 619-255-2398

administered more than 10,000 matters and managed more than $10 billion in settlement funds over more than 15 years of operation, and maintains SOC 1/SOC 2/FISMA/NIST-compliant data security protocols. Stonebarger Decl. ¶ 11 & Ex. 4. Simpluris has estimated the total cost of administering the Settlement—including case setup, establishment of the qualified settlement fund, printing and mailing of the Class Notice, settlement website hosting and toll-free telephone support, processing of objections and requests for exclusion, disbursement of payments, and tax reporting—at $6,959, after a $2,000 courtesy discount, or approximately 1.4% of the Cash Settlement Amount. *Id.* ¶ 12 & Ex. 4.

Within 14 days of full execution of the Agreement, Alaska will provide Class Counsel with each Class Member's name, mailing address, and employee number. SA § III.5. The Settlement Administrator will mail the Court-approved Class Notice, substantially in the form attached as Exhibit 2 to the Stonebarger Declaration, to each Class Member by first-class U.S. Mail, post the Notice and case documents on a dedicated settlement website, trace and re-mail undeliverable notices, maintain a toll-free telephone line, and file a declaration confirming compliance within 30 days after the notice deadline. SA §§ III.1–.6, VII.2. All notice and administration costs will be paid from the Settlement Fund. SA § VII.3. Alaska will separately serve notice under the Class Action Fairness Act, 28 U.S.C. § 1715, within 21 days after the Agreement is filed with the Court. SA § XII.1.

## IV.  ARGUMENT

### A.  Legal Standard

Judicial policy strongly favors the settlement of class actions. *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). Approval proceeds in two steps: the Court first determines whether it "will likely be able to" approve the settlement under Rule 23(e)(2) and certify the class for purposes of judgment, and directs notice to the class; final approval follows notice and a fairness hearing. Fed. R. Civ. P. 23(e)(1)(B), (e)(2). Rule 23(e)(2) asks whether the class was adequately represented, whether the proposal was negotiated at arm's length, whether the relief is adequate in light of the costs, risks, and delay of trial and appeal, the method of distribution, and the proposed fee terms, and whether class members are treated equitably relative to one another. *See also*

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

Case No. 2:18-cv-01784-RSL

PILOT LAW, P.C.
4632 Mt. Gaywas Drive
San Diego, CA 92117
Tel: 619-255-2398

*Churchill Village, L.L.C. v. General Electric*, 361 F.3d 566, 575 (9th Cir. 2004). Where settlement precedes certification of the settlement class, the Court also scrutinizes the agreement for subtle signs of collusion. *In re Bluetooth Headset Products Liability Litigation*, 654 F.3d 935, 946–47 (9th Cir. 2011); *see Briseño v. Henderson*, 998 F.3d 1014, 1023–25 (9th Cir. 2021) (amended Rule 23(e)(2) requires scrutiny of the substance of the relief and the fee arrangements). In conducting this review, the Court does not reach any ultimate conclusions on the merits, because "the very essence of a settlement is compromise, 'a yielding of absolutes and an abandoning of highest hopes.'" *Officers for Justice v. Civil Service Commission*, 688 F.2d 615, 624–25 (9th Cir. 1982). Each consideration supports preliminary approval here.

## B. The Court Should Certify the Settlement Class

A settlement class must satisfy Rule 23(a) and one subsection of Rule 23(b), although manageability at trial need not be considered. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997); *In re Hyundai & Kia Fuel Economy Litigation*, 926 F.3d 539, 556–57 (9th Cir. 2019) (en banc). Certification here is not a new question. The Court certified broader litigation classes under Rule 23(b)(3) in 2020—including a Vacation Time Accrual Class of all pilots who did not accrue vacation while on military leave from October 10, 2004 forward—and appointed Plaintiff as Class Representative. Dkt. 44. In granting leave to amend, the Court stated that it "presumes at this juncture that the 31-60 days and 61-90 days subclasses will be certified." Dkt. 91 at 5. The proposed Settlement Class is simply the previously certified Vacation Time Accrual Class narrowed to the 31-to-60-day leaves that survived summary judgment—precisely the "narrower, temporally limited class" the Ninth Circuit contemplated on remand. 2024 WL 4501072, at *2. Alaska does not oppose certification of the Class for settlement purposes only. SA § II.2. Each Rule 23 requirement remains satisfied.

### 1. Numerosity

The Class comprises 163 geographically dispersed current and former pilots, well above the threshold at which joinder becomes impracticable. Fed. R. Civ. P. 23(a)(1); *see, e.g.*, *Ikonen v. Hartz Mountain Corp.*, 122 F.R.D. 258, 262 (S.D. Cal. 1988) (forty members generally sufficient).

9

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Case No. 2:18-cv-01784-RSL

PILOT LAW, P.C.
4632 Mt. Gaywas Drive
San Diego, CA 92117
Tel: 619-255-2398

### 2. Commonality

Commonality requires a common question whose resolution will drive the litigation classwide. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). The remaining claim turns on questions common to all Class Members: whether vacation accrual is a "benefit of employment" under 38 U.S.C. § 4303(2), and whether jury duty leave is "comparable" to military leaves of 31 to 60 days under 38 U.S.C. § 4316(b)(1)(B), 20 C.F.R. § 1002.150(b), and *Clarkson*, 59 F.4th at 437–39. Because the claim challenges a single company-wide policy applied identically to every Class Member, the answers will resolve liability "in one stroke." *Dukes*, 564 U.S. at 350.

### 3. Typicality

Plaintiff's claims are typical because they arise from the same policy and legal theory as the Class's claims. Fed. R. Civ. P. 23(a)(3); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). Plaintiff took multiple military leaves of between 31 and 60 days during the Class Period and, like every Class Member, did not accrue vacation during the resulting monthly bid periods. Am. Compl. ¶¶ 29–30. The Court has already found Plaintiff's claims typical of the broader litigation classes, Dkt. 44, and nothing about narrowing the Class strengthens any argument against typicality.

### 4. Adequacy

Plaintiff has no conflicts with the Class and has prosecuted this action vigorously for more than seven years, including through an appeal, and proposed Class Counsel are experienced in USERRA class litigation, having litigated materially identical benefit-accrual claims against other carriers. Stonebarger Decl. ¶¶ 2–5, 15, 17; *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011). The same considerations support appointment of proposed Class Counsel under Rule 23(g).

### 5. Predominance and Superiority Under Rule 23(b)(3)

Common questions predominate because liability rises or falls on the legality of a uniform policy applied to every Class Member; the comparability of Alaska's jury duty leave to 31-to-60-day military leaves is a classwide question with a classwide answer. *Tyson Foods, Inc. v. Bouaphakeo*,

10

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

Case No. 2:18-cv-01784-RSL

PILOT LAW, P.C.
4632 Mt. Gaywas Drive
San Diego, CA 92117
Tel: 619-255-2398

577 U.S. 442, 453 (2016); *Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1134 (9th Cir. 2016) (predominance satisfied where a "common course of conduct" supplies the "major issues" of liability). Individual damages are mechanically calculable from Alaska's own records of non-accrual months, and individualized damages do not defeat predominance. *Leyva v. Medline Industries Inc.*, 716 F.3d 510, 514 (9th Cir. 2013). A class action is superior: each Class Member's recovery, tied to an average of four non-accrual months, "would be dwarfed by the cost of litigating on an individual basis," *Wolin v. Jaguar Land Rover North America, LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010), class treatment avoids 163 duplicative actions, and because certification is sought for settlement, trial manageability is not at issue. *Amchem*, 521 U.S. at 620.

### C. The Settlement Merits Preliminary Approval Under Rule 23(e)(2)

#### 1. Adequate Representation and Arm's-Length Negotiation

Plaintiff and Class Counsel litigated this case through discovery, two summary judgment cycles, and a Ninth Circuit appeal before negotiating a resolution, giving them a well-developed record from which to assess the strengths and weaknesses of the remaining claim. A settlement reached after such extensive litigation and discovery is entitled to a presumption that counsel's judgment was informed. *See In re Mego Financial Corp. Securities Litigation*, 213 F.3d 454, 459 (9th Cir. 2000) (significant investigation, discovery, and research supported approval). The Settlement was negotiated at arm's length after the Court's March 13, 2026 ruling defined the scope of the surviving claim, and the fee component was negotiated only after classwide relief was agreed. Stonebarger Decl. ¶¶ 6–7. Rule 23(e)(2)(A) and (B) are satisfied.

#### 2. The Relief Is Adequate in Light of Risks, and Delay of Trial and Appeal

The $500,000 non-reversionary payment represents substantial value against demonstrated, not hypothetical, risk. This Court has twice granted summary judgment against Plaintiff's claims—once in full in 2022, Dkt. 70, and again in substantial part in March 2026, when it eliminated the sick time claim and the 61-to-90-day vacation claims, Dkt. 101—and has held that claims for leaves of 30 days or less are extinguished by the *Clarkson* settlement release, Dkt. 91 at 3–5. To prevail on the

11

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

Case No. 2:18-cv-01784-RSL

PILOT LAW, P.C.
4632 Mt. Gaywas Drive
San Diego, CA 92117
Tel: 619-255-2398

surviving claim, Plaintiff would have to persuade a factfinder—on a discovery record closed since August 2020 that the Court has declined to reopen, Dkt. 91 at 6 n.3—that jury duty leave is comparable to military leaves of 31 to 60 days under the duration, purpose, and control analysis of *Clarkson*, 59 F.4th at 437–39, and *Huntsman v. Southwest Airlines Co.*, 78 F.4th 1209 (9th Cir. 2023). A defense verdict would yield the Class nothing, and any plaintiff's verdict would face the prospect of a second appeal and years of further delay in a case already in its eighth year. Stonebarger Decl. ¶ 16.

Against those risks, the recovery is exceptional. Measured against the 666 non-accrual months at issue, the gross recovery equates to approximately $750 per non-accrual month—an amount that meets or exceeds Class Counsel's estimate of the full per-month value of the vacation accrual lost by Class Members, calculated from Alaska's pilot compensation rates and accrual formulas produced in discovery. Stonebarger Decl. ¶ 13. The Settlement thus delivers, before Court-approved deductions, approximately the entire estimated value of the sole claim remaining after Dkt. 101—a result that compares favorably to the recovery approved in *Clarkson* itself, where a fund of approximately 49% of maximum estimated damages was found fair and reasonable. *See* Dkt. 91 at 4 (describing *Clarkson* settlement). Even net of the expected Court-approved deductions—the maximum attorneys' fee award of $247,500, the maximum service award of $5,000, and estimated administration costs of $6,959—the expected net recovery of approximately $240,541 equates to approximately $361 per non-accrual month, more than half of the claim's full estimated per-month value. Stonebarger Decl. ¶¶ 12–13. A settlement is not to be judged "against a hypothetical or speculative measure of what might have been achieved," *Linney v. Cellular Alaska Partnership*, 151 F.3d 1234, 1242 (9th Cir. 1998), and this one requires no such indulgence: it captures approximately the full estimated value of the claim that survived.

### 3. The Method of Distribution Is Effective and Equitable

The distribution method could not be more effective: there is no claims process, no reversion, and no cy pres. The Administrator will calculate each of the 163 payments directly from Alaska's

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

Case No. 2:18-cv-01784-RSL

PILOT LAW, P.C.
4632 Mt. Gaywas Drive
San Diego, CA 92117
Tel: 619-255-2398

records and mail checks to Class Members. Fed. R. Civ. P. 23(e)(2)(C)(ii). The pro rata allocation by non-accrual months treats Class Members equitably relative to one another, Fed. R. Civ. P. 23(e)(2)(D), because each member's share is directly proportional to the injury underlying the released claim. The requested service award of no more than $5,000 is commensurate with Plaintiff's service to the Class over more than seven years of litigation, Stonebarger Decl. ¶ 15, and is within the range routinely approved in this Circuit. *See In re Online DVD-Rental Antitrust Litigation*, 779 F.3d 934, 942–43, 947–48 (9th Cir. 2015) (affirming $5,000 incentive awards); *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 958–59 (9th Cir. 2009).

### 4. The Settlement Bears No Signs of Collusion

None of the *Bluetooth* warning signs is present. 654 F.3d at 947. Class Counsel hold an independent statutory entitlement to reasonable fees under 38 U.S.C. § 4323(h)(2), yet agreed to accept less than one quarter of their $1,000,000-plus lodestar—a negative multiplier of roughly 0.25—to resolve the fee issue consensually. Stonebarger Decl. ¶¶ 7, 14. The fee component was negotiated separately from, and only after agreement on, the class recovery, so no class relief was traded for fees. *Cf. Evans v. Jeff D.*, 475 U.S. 717, 738 n.30 (1986). There is no reverter of any kind, and every dollar the Court declines to award remains in the Fund for the Class. Alaska's agreement not to oppose a fee within the negotiated amount raises no concern where the amount reflects a steep discount from fees actually and reasonably incurred under a fee-shifting statute, and the Court retains full authority to scrutinize the application, which will be filed before the objection deadline. *Cf. Briseño*, 998 F.3d at 1023–27 (concern is fees disproportionate to class benefit; here the fee is a fraction of both the lodestar and the fund). Approval of the fee is not a condition of the Settlement. SA §§ VIII.3, XI.4.

### D. The Proposed Class Notice Satisfies Rule 23 and Due Process

Rule 23(c)(2)(B) requires the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173–75 (1974). Here, every Class Member is identifiable by name, address,

13

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

Case No. 2:18-cv-01784-RSL

PILOT LAW, P.C.
4632 Mt. Gaywas Drive
San Diego, CA 92117
Tel: 619-255-2398

and employee number from Alaska's personnel records, and each will receive individual notice by first-class mail, supplemented by a dedicated settlement website and toll-free line. The proposed Class Notice, attached as Exhibit 2 to the Stonebarger Declaration and prepared using as a template the court-approved class settlement notice in *Clarkson*, Stonebarger Decl. ¶ 9, states in plain language the information required by Rule 23(c)(2)(B) and Section III.2 of the Agreement, describes the Plan of Allocation and its per-month formula, and—going beyond what Rule 23 requires—encloses an individualized statement of each member's non-accrual months and estimated Settlement award. Consistent with Rule 23(e)(4), all Class Members may request exclusion, subject to the 45-day deadline for objections and exclusion requests. SA §§ III.2, X.1(h), (k). Direct individual mail notice to a class fully identifiable from the defendant's records satisfies Rule 23 and due process.

### E.  The Court Should Approve the Proposed Schedule

Plaintiff proposes the following schedule of settlement events, keyed to the date of the Preliminary Approval Order:

| Event | Deadline |
| --- | --- |
| Alaska serves CAFA notice (28 U.S.C. § 1715) | 21 days after Settlement Agreement filed with the Court |
| Settlement Administrator mails Class Notice and activates settlement website | 30 days after Preliminary Approval Order |
| Class Counsel file motion for attorneys' fees, expenses, and service award | 14 days before objection/exclusion deadline |
| Deadline to object or request exclusion | 45 days after distribution of Class Notice |
| Settlement Administrator files declaration of notice compliance | 30 days after notice mailing deadline |
| Class Counsel file Motion for Final Approval | 14 days before Final Approval Hearing |
| Final Approval Hearing | At the Court's convenience (no earlier than 90 days after CAFA notice, 28 U.S.C. § 1715(d)) |

14

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

Case No. 2:18-cv-01784-RSL

PILOT LAW, P.C.
4632 Mt. Gaywas Drive
San Diego, CA 92117
Tel: 619-255-2398

## V.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter the proposed Preliminary Approval Order submitted herewith: certifying the Class for settlement purposes; preliminarily approving the Settlement and the Plan of Allocation; appointing Plaintiff as Class Representative, Brian J. Lawler, Daniel Kalish, and Gene J. Stonebarger as Class Counsel, and Simpluris, Inc. as Settlement Administrator; approving the form and method of Class Notice; and scheduling the Final Approval Hearing.

DATED: July 15, 2026

Respectfully submitted,

/s/ Gene J. Stonebarger
Gene J. Stonebarger (admitted Pro Hac Vice)
STONEBARGER LAW, APC
101 Parkshore Drive, Suite 100
Folsom, California 95630
Phone: 916.235.7140
gstonebarger@stonebargerlaw.com

Brian J. Lawler (admitted Pro Hac Vice)
PILOT LAW, P.C.
4632 Mt. Gaywas Drive
San Diego, California 92117
Phone: 866.512.2465
blawler@pilotlawcorp.com

Daniel Kalish, WSBA # 35815
HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Ste. 901
Seattle, WA 98101
Phone: 206.838.2504
dkalish@hkm.com

*Attorneys for Plaintiff and the Class*

15

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

Case No. 2:18-cv-01784-RSL

PILOT LAW, P.C.
4632 Mt. Gaywas Drive
San Diego, CA 92117
Tel: 619-255-2398

**LCR 7(e) CERTIFICATION**

I certify that this memorandum contains 4,603 words, in compliance with the Local Civil Rules.

/s/ Gene J. Stonebarger

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

Case No. 2:18-cv-01784-RSL

PILOT LAW, P.C.
4632 Mt. Gaywas Drive
San Diego, CA 92117
Tel: 619-255-2398

**CERTIFICATE OF SERVICE**

I certify that on July 15, 2026, I filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Gene J. Stonebarger

17

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

PILOT LAW, P.C.
4632 Mt. Gaywas Drive
San Diego, CA 92117
Tel: 619-255-2398

Case No. 2:18-cv-01784-RSL